[No. 6202-3-III.  Division Three.  June 6, 1985.]

OM PARKASH, *Appellant,* v. JAMIE A. PERRY, ET AL, *Respondents.*

*John W. Lohrmann, Scott Wolfram,* and *Freise, Lohrmann & Parker,* for appellant.

*Dennis J. Sweeney, George Fearing,* and *Leavy, Schultz & Sweeney,* for respondents.

GREEN, C.J.—The question presented is whether the trial court erred in dismissing this case because of ineffective service of process.

On June 6, 1980, Om Parkash, while walking on a sidewalk in Kennewick, was struck by a vehicle driven by Jamie A. Perry. On March 4, 1983, Mr. Parkash filed a summons and complaint against Jamie Perry and John Doe Perry, her husband,[1] to recover damages. On April 26, the process server engaged by Mr. Parkash stated in his return of service, "after due and diligent search and inquiry . . . I have been unable to find [Miss Perry] . . . within this County and State." The return contained the following: "NOTE: A neighbor who was questioned thought the Perry's had moved to somewhere in the vacinity [*sic*] of 4th and Olympia in Kennewick."

On April 29 the court authorized service by publication, RCW 4.28.100,[2] based on the affidavit of Mr. Parkash's

---

[1]At the time of the accident, Jamie Perry was not married. Consequently, we will refer to her as the only defendant.

[2]RCW 4.28.100 provides in part:
"When the defendant cannot be found within the state, and upon the filing of

attorney[3] who stated Miss Perry was not a resident of this state and after due diligence could not be found within this state. Due diligence, as stated in the affidavit, consisted of a search of the telephone information listing for the Tri–Cities and the not found return of the process server. On May 11 a notice of appearance was filed by Miss Perry's attorneys requesting all further papers be served on them except service of process.

On August 30 Miss Perry moved to dismiss for lack of jurisdiction based on improper service of process. This motion was supported by the affidavits of Miss Perry and her parents. Miss Perry stated that at the time of the accident, she resided at 1101 East Seventh Avenue in Kennewick; her driver's license listed her parents' Kennewick address; several months after the accident she moved to her parents' home and lived with them until she was married on November 14, 1981; and after her marriage she moved to an apartment at 200 South Union in Kennewick where she presently resides. Miss Perry further stated she had been employed as a hairdresser at Pacesetters in Kennewick from 1974 until August 1982 when she became employed by Images in Kennewick; also her parents' address was on her bank checking account. Finally, Miss Perry stated that no one representing Mr. Parkash had ever attempted to contact her either at home or at her place of work nor had she ever received any correspondence from Mr. Parkash, his

---

an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein, and that he has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant at his place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his attorney in any of the following cases:

" . . .

"(2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent . . .".

[3]New counsel represented Om Parkash on appeal.

attorney or anyone else representing him. Miss Perry's parents in their affidavit generally confirm their daughter's statements and add that they have always been listed in the telephone directory.

In the memorandum of authorities filed in support of Miss Perry's motion to dismiss, it was her position that the affidavit of Mr. Parkash's attorney was fatally deficient under RCW 4.28.100 for failing to state: (1) "'the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent'", and (2) a copy of the summons and complaint had been mailed to Miss Perry at her place of residence as required by statute. A copy of the accident report was attached to the memorandum and contained Miss Perry's address and her place of employment.

On September 15, Mr. Parkash's attorney moved to amend his original affidavit by adding that he was "informed by the insurance adjustor who represents Jamie A. Perry that he does not even know the whereabouts of his client and that he believes she *may* have left the area and the state". (Italics ours.) The motion also sought to comply with RCW 4.28.100(2) by adding that Miss Perry being once a resident of the state has either departed therefrom with intent to defraud her creditors, or to avoid service of summons, or is keeping herself concealed therein with like intent.

This motion was denied and on October 26 an order was entered dismissing the complaint with prejudice. Mr. Parkash then filed this appeal.

Mr. Parkash contends the action should not have been dismissed because (1) there was substantial compliance with RCW 4.28.100 and (2) Miss Perry is estopped from asserting the defense of the statute of limitation because of the misleading information provided by her insurance adjuster. We find no error and affirm.

■ As the court noted in *Painter v. Olney,* 37 Wn. App. 424, 427, 680 P.2d 1066, *review denied,* 102 Wn.2d 1002

(1984):

> First and basic to any litigation is jurisdiction. First and basic to jurisdiction is service of process. Statutes authorizing service by means other than personal service, *i.e., constructive and substituted service, require strict compliance. Thayer v. Edmonds,* 8 Wn. App. 36, 503 P.2d 1110 (1972).

(Italics ours.) Here, the affidavit on which the court authorized service by publication did not comply with RCW 4.28.100. Mr. Parkash's attempt to amend the affidavit nunc pro tunc must fail because the record at the time of the proposed amendment shows Miss Perry resided in Kennewick and at no time sought to conceal her residence. Consequently, the motion was properly denied. The original affidavit being defective, the service by publication was likewise defective.

Mr. Parkash's contention Miss Perry is estopped from asserting the statute of limitation because of the misleading statements of the insurance adjuster likewise is rejected. Mr. Parkash's affidavit quotes the adjuster as saying Miss Perry "may" have departed the state. This statement was only an indication the adjuster did not know the whereabouts of Miss Perry. Consequently, Mr. Parkash's reliance on the adjuster's statement was misplaced.

Moreover, the affidavits in the record raise a question concerning the diligence with which the process server and Mr. Parkash sought to locate Miss Perry. None of the affidavits indicate the accident report was checked by the process server or Mr. Parkash. The report disclosed where Miss Perry was working at the time of the accident and inquiry there may have shown her current employment. The affidavits do not show an effort was made to contact any hairdressing establishment in Kennewick to locate Miss Perry—yet the accident report shows she was a hairdresser at Pacesetters in Kennewick. Nor is there any showing the neighbor's statement Miss Perry had moved to the vicinity of Fourth and Olympia streets, appended as a note to the return of service, was investigated. A mere search of the

854

telephone listings and an attempt to serve Miss Perry at her old residence, in light of the facts revealed by this record, is an inadequate showing of due diligence to support service by publication in any event; dismissal was proper.

Affirmed.

MUNSON and THOMPSON, JJ., concur.