[No. 65846-8-I. Division One. August 29, 2011.]

JAMES E. HARVEY, *Appellant*, v. RICHARD A. OBERMEIT ET AL., *Respondents*.

*Terence F. Traverso* (of *Law Offices of Terence F. Traverso PS*), for appellant.

*Marilee C. Erickson* (of *Reed McClure*), for respondents.

¶1 SPEARMAN, J. — James Harvey appeals the trial court's dismissal with prejudice of his lawsuit against Richard Obermeit for injuries resulting from a car accident. After the issue of service of process was raised in Obermeit's motion to dismiss and Harvey's motion for partial summary judgment to strike certain affirmative defenses, the trial court held a fact-finding hearing and concluded that it lacked jurisdiction because Harvey did not meet the requirements to serve process under the nonresident motorist statute, RCW 46.64.040. Harvey claims on appeal that the trial court should be reversed because (1) he met the requirements for service under RCW 46.64.040; (2) even if he did not, Obermeit waived the issue of ineffective service of process; and (3) the trial court erred in its procedures for hearing the parties' motions. We hold that Harvey did not make a due and diligent effort to find and serve Obermeit

and therefore the trial court did not err in dismissing his lawsuit on the basis of lack of jurisdiction over Obermeit. We further hold that Obermeit did not waive his service-related defense and that the trial court did not err in the procedure it used to consider the parties' motions.

## FACTS

¶2 Harvey was injured when he and Obermeit were involved in a car accident on August 4, 2006. Obermeit's address in Maple Valley was noted on the accident report. On July 23, 2009, Harvey filed a negligence action against Obermeit. He hired a private investigator, who searched the Washington State Department of Licensing and vehicle databases, the King County Assessor's Office, and the IRB/Accuprint skip-trace database. These efforts led to the same address on the accident report. Harvey hired a process server, Alex Conley, who made two or four unsuccessful service attempts between August 9 and August 18, 2009. Harvey then decided to effect substitute service under the nonresident motorist statute, RCW 46.64.040. On September 22, Harvey served the secretary of state with the summons and complaint and the last known address for Obermeit. The same day, he sent a "Declaration of Plaintiff Regarding Compliance with RCW 46.64.040," containing notice of service on the Washington secretary of state, and a "Declaration of Plaintiff's Counsel Regarding Compliance with RCW 46.64.040" to Obermeit's address by certified mail, with return receipt requested. The secretary of state sent the summons and complaint to Obermeit by certified mail. On September 23, Obermeit received and signed the return receipt for the documents sent by Harvey.

¶3 After receiving notice of the lawsuit, Obermeit's insurer retained defense counsel. On October 15, 2009, Obermeit's counsel sent a notice of appearance to Harvey's counsel. From October 15 to October 21, Obermeit's counsel had no other contact with Harvey. The 90-day service period

expired on October 21, although Obermeit and the trial court assumed it expired on November 1, 2009.[1] On November 2, Obermeit filed an answer that asserted affirmative defenses regarding Harvey's failure to serve process as required by law, lack of jurisdiction, and expiration of statute of limitations. The same day, Obermeit served Harvey with general interrogatories and requests for production, a request for statement of damages, and a jury demand. Also on November 2, Harvey served Obermeit with pattern interrogatories and requests for production. On January 8 and January 11, 2010, Obermeit responded to Harvey's discovery requests. On January 14, Obermeit issued records deposition subpoenas to obtain Harvey's medical records and served them on health care providers, along with a notice of intent in accordance with RCW 70.02.060.

¶4 On February 10, 2010, Obermeit filed a motion to dismiss in accordance with CR 12(b)(2) and CR 12(b)(5), citing lack of service of process, lack of jurisdiction, and expiration of statute of limitations. He argued that service under RCW 46.64.040 was not appropriate because the Obermeits were Washington residents and there was no evidence that they left the state or attempted to evade service. Obermeit claimed that Harvey attempted to serve him only twice, referring to Conley's September 14, 2009 declaration of attempted service. Obermeit submitted a declaration stating that he was a Washington resident, had lived at the address in the accident report for 10 years, was working in state between July and November 2009, was not aware a process server was attempting service, and did not attempt to evade service.

---

[1] Harvey filed suit on July 23, 2009 and filed an identical complaint on August 3, 2009. The 90th day following the initial filing of the suit was October 21, 2009. In his motion to dismiss, Obermeit noted that even if the latter date of August 3, 2009 was used as the filing date, the last day to complete service of process was November 1, 2009. Harvey referred to the last day of service in his opposition to Obermeit's motion to dismiss as October 21, 2009. The trial court's findings of fact included the finding that "November 1, 2009, was the last day for completing personal service."

¶5 The day after Obermeit filed his motion, Harvey filed a motion for partial summary judgment to dismiss Obermeit's affirmative defenses. Harvey's motion was based on RCW 46.64.040 and was supported by declarations explaining his efforts to serve Obermeit. Obermeit did not file a response. By stipulation, Harvey's motion for partial summary judgment and Obermeit's motion to dismiss were continued, to be heard at a hearing on May 7. Obermeit gave his deposition on March 2, 2010. On or about April 9, Obermeit retained a medical expert witness and made a CR 35 discovery request that Harvey submit to a medical examination. Harvey filed an opposition to Obermeit's motion around April 23 and a reply in support of his own motion around April 28.

¶6 In support of his opposition to Obermeit's motion to dismiss, Harvey included the declaration of Alex Conley III, dated April 12, 2010. Conley's declaration indicated that he made four service attempts: on August 9 at 7:55 a.m., August 16 at 8:55 a.m., August 17 at 7:00 a.m., and August 18 at 10:00 p.m. He asserted that during his attempts, he inspected garbage cans and saw that they were empty; placed paper clips on the tires of cars to see if they moved before his next attempt and later saw the paper clips had not moved; and spoke to neighbors who told him that the Obermeits would take off for weeks at a time.

¶7 At the May 7 hearing, the trial court did not rule on the motions but instead set the matter for a fact-finding hearing on June 18, citing the need for a factual determination about Harvey's efforts to find Obermeit. Harvey objected to a fact-finding hearing. At the June 18 hearing, the attorneys questioned Conley, the process server. He testified that he made 3 service attempts in the early morning hours on August 9, 16, and 17 and 1 attempt at 10:00 p.m. on August 18. Conley acknowledged that his declaration of attempted service indicated 2 attempts but his later declaration indicated 4. He explained that he included the extra 2 attempts at service not detailed in

the declaration of attempted service because he wanted to give his client extra attempts at service when he was in the Maple Valley area. He testified that he sometimes made up to 10 attempts at service, depending on what the client wanted. He explained that he placed paper clips on the tires of two cars and later saw that the paper clips had not moved. Conley saw only two cars at the address and did not know how many cars were registered to that address. Conley also testified that the neighbors did *not* tell him that the Obermeits took off for weeks at a time, but rather that they took trips on the weekends.

¶8 The trial court made an oral ruling. It found that Conley was not credible and concluded that even assuming four service attempts were made, they were not adequate to show due diligence to personally serve Obermeit. It entered written findings of fact and conclusions of law and dismissed the lawsuit on July 7, 2010. It concluded that service on the secretary of state was improper because Obermeit was found within the state but not personally served, Harvey did not make a due and diligent search, Harvey lacked personal jurisdiction over Obermeit, and the statute of limitations had expired. The trial court entered an order denying Harvey's motion for partial summary judgment on July 15, 2010. Harvey filed a motion for reconsideration, which was denied. He appeals.

## DISCUSSION

¶9 Harvey makes three arguments on appeal: (1) he met the requirements for substitute service under RCW 46.64-.040; (2) even if he did not, Obermeit waived the issue of ineffective service of process; and (3) the trial court erred in its procedures for hearing the parties' motions.

### Substituted Service of Process under RCW 46.64.040

¶10 Preliminarily, Harvey appeals the trial court's ruling that he did not meet the requirements for substi-

tuted service under RCW 46.64.040. He assigns error to the relevant findings of fact and conclusions of law. We review findings of fact and conclusions of law to determine whether substantial evidence supports the findings of fact and whether the findings support the conclusions of law. *Landmark Dev., Inc. v. City of Roy*, 138 Wn.2d 561, 573, 980 P.2d 1234 (1999). Conclusions of law are reviewed de novo. *Sunnyside Valley Irrigation Dist. v. Dickie*, 149 Wn.2d 873, 880, 73 P.3d 369 (2003).

¶11 Proper service of the summons and complaint is a prerequisite to a court's obtaining jurisdiction over a party. *Woodruff v. Spence*, 76 Wn. App. 207, 209, 883 P.2d 936 (1994). The nonresident motorist statute, RCW 46.64.040, provides for a form of substituted service under which "service of the summons and complaint upon the Secretary of State constitutes valid personal service" over a defendant. *Martin v. Meier*, 111 Wn.2d 471, 476, 760 P.2d 925 (1988). The statute requires strict compliance or else jurisdiction is not obtained. *Id.* at 479. It provides, in pertinent part:

[E]ach resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision, or liability and thereafter at any time within the following three years *cannot, after a due and diligent search, be found*[2] *in this state* appoints the secretary of state of the state of Washington as his or her lawful attorney for service of summons as provided in this section for nonresidents. Service of such summons or process shall be made by leaving two copies thereof with a fee established by the secretary of state by rule with the secretary of state of the state of Washington, or at the secretary of state's office, and such service shall be sufficient and valid personal service upon said resident or nonresident: PROVIDED, That notice of such service and a copy of the summons or process is forthwith sent by registered mail with return receipt requested, by plaintiff to

---

[2] The statute was amended in 2003 to substitute the language "at any time within the following three years cannot, after a due and diligent search, be found" for the former language "within three years departs from." RCWA 46.64.040 Historical and Statutory Note, "2003 Legislation."

the defendant at the last known address of the said defendant, and the plaintiff's affidavit of compliance herewith are appended to the process, together with the affidavit of the plaintiff's attorney that the attorney has with due diligence attempted to serve personal process upon the defendant at all addresses known to him or her of defendant and further listing in his or her affidavit the addresses at which he or she attempted to have process served.

RCW 46.64.040 (emphasis added).

 ¶12 Harvey argues that the trial court's conclusion that he did not make the "due and diligent search" required by the statute was erroneously based on his efforts to personally serve Obermeit rather than his efforts to *find* Obermeit. He argues that finding a person's house and cars in the state is not equivalent to finding the person in the state. He contends efforts lesser than his were found due and diligent in *Martin v. Triol*, 121 Wn.2d 135, 847 P.2d 471 (1993) and *Carras v. Johnson*, 77 Wn. App. 588, 892 P.2d 780 (1995). Harvey challenges the substance of the following findings of fact:[3]

*Finding 14*: Mr. Conley knew[ ] that defendants had four vehicles registered to their address, however, he only put paper clips on two vehicles, rather than all four.

*Finding 15*: Twice, Mr. Conley attempted to personally serve the defendants.

*Finding 16*: He felt that he had not done an adequate job, because his service makes up to ten attempts before deeming the effort adequate.

*Finding 17*: No neighbors told Mr. Conley[ ] that the defendants were gone "for weeks at a time," but rather they left sometimes on the weekends.

---

[3] Harvey also challenges a number of other findings of fact on the basis that the trial court had no authority to make those findings where Obermeit's attorney stated at a hearing that he disputed certain other facts but not the ones at issue. We disagree. For the reasons explained in our analysis of his procedural challenges, the trial court was within its authority to make independent findings of fact regarding whether it had jurisdiction over Obermeit, regardless of whether Obermeit expressly disputed them.

He contends that finding 14 does not reveal an actual discrepancy, as the trial court concluded. Conley testified he put paper clips on tires of the two vehicles that were present at the address, and there is no evidence that all four vehicles registered to that address were actually present on the days Conley went to the house. He claims finding 15 is incorrect because Conley testified about four service attempts, not two. As for finding 16, he argues that Conley's subjective beliefs are irrelevant to the legal standard of Harvey's honest and reasonable efforts in conducting a due and diligent search. Finally, he disputes finding 17 because Conley stated in his declaration that neighbors told him the Obermeits left for weeks at a time.

¶13 We hold that substantial evidence supports the challenged findings of fact to the extent they are necessary to the court's conclusions of law. The main disputed fact is whether Conley made 2 or 4 service attempts. Conley's September 2009 declaration of attempted service referenced 2 attempts. But Harvey claims that Conley in fact made 4 attempts, as stated in Conley's April 2010 declaration. Both of the additional service attempts described in Conley's April 2010 declaration would have taken place *before* September 2009, and thus it is unclear why they were not described in Conley's September 2009 declaration. The trial court heard Conley's testimony to clarify this and found him not credible.[4] Finding 17 is supported by substantial evidence because during his testimony, Conley contradicted what was stated in his declarations by denying that the neighbors said the Obermeits left for weeks at a time. Instead, he testified, the neighbors told him the Obermeits took trips on weekends. Regarding finding 16, Conley testified that he "wasn't happy with the service" that he had given his client after the 2 initial service attempts, so he wanted to make a couple more attempts. Conley also testified that he sometimes made up to 10

---

[4] The court also concluded that even if Conley made four service attempts, Harvey still did not show due diligence.

attempts to serve a defendant. While this testimony did not support the finding that Conley felt that his attempts at service as a whole were inadequate, it supports the finding that he felt his first 2 attempts were inadequate, and we rely upon the finding only to the latter extent. Finally, regarding finding 14, we agree with Harvey that there is no evidence that Conley knew four vehicles were registered to the address, but this challenge is not well taken in light of the evidence that *Harvey* was aware of this fact. Harvey's skip-trace effort revealed that Obermeit had four vehicles registered to him at the Maple Valley address.

¶14 We further hold that the trial court's findings of fact and the undisputed facts as a whole support the conclusions of law that substituted service under RCW 46.64.040 was improper because Harvey's efforts were not due and diligent and that as a result there was no personal jurisdiction over Obermeit. First, Harvey's research resulted in the same address in Maple Valley that was on the accident report. In addition, Harvey learned no later than September 11, 2009 via Conley's declaration that Obermeit's neighbor confirmed the address as Obermeit's residence. Harvey's skip-trace efforts likewise indicated that Obermeit "appears to have been living at the address of attempted service . . . since approximately March of 2004." And the knowledge that Obermeit lived at that address was again confirmed on September 23, 2009, when Obermeit signed and returned the return receipt sent there by the secretary of state. At that time, approximately a month remained in the 90-day service period. But even with these confirmations that Obermeit could in fact be found at the Maple Valley address, Harvey made only 2 attempts at personal service and then chose to rely on service under RCW 46.64.040. Conley testified that he sometimes made up to 10 attempts at personal service. Finally, Harvey knew that four cars were registered to the Obermeits' address and learned after Conley's attempts at service that only two cars were present during those attempts. On the basis of

these facts, the trial court did not err in ruling that Harvey's efforts did not meet RCW 46.64.040.

¶15 Harvey argues that *Martin* and *Carras* support the conclusion that his own efforts were due and diligent, but those cases are distinguishable. The analysis in *Martin* did not focus on whether the plaintiffs' efforts to find and serve the defendants were due and diligent. Rather, the court noted that the inability to serve the defendants was due to their being on a boating trip during the six consecutive days on which the plaintiffs attempted personal service at their home. *Martin*, 121 Wn.2d at 150-51. It was impossible for the plaintiffs to personally serve defendants while they were gone. Furthermore, the defendants were sailing in Canadian waters on the day the secretary of state was served with substituted service, and their neighbors could provide no information about their whereabouts. *Id.* In *Carras*, unlike here, at the time of the plaintiff's service attempts, the defendants had moved and could no longer be found at the addresses listed on the accident report. *Carras*, 77 Wn. App. at 590-91. The plaintiff's efforts to find out where the defendants had moved were unsuccessful. Here, there were many indications that Obermeit lived at the Maple Valley address.

¶16 Harvey's argument that the trial court's findings did not include his efforts to determine Obermeit's address does not alter our analysis. Again, those efforts actually succeeded in confirming to Harvey that the Maple Valley address in the accident report was where Obermeit lived and where Harvey should attempt personal service. Furthermore, Harvey's argument that the trial court's conclusion was erroneously based on his efforts to *serve* Obermeit is not supported by the case law. While RCW 46.64.040 uses the word "found," the cases, including *Martin* and *Carras*, show that the due diligence inquiry focuses on a plaintiff's efforts to physically find *and* serve the defendant. These cases interpret the pre-2003 version of RCW 46.64.040, but the 2003 amendment does not affect this aspect of their analyses.

## Waiver of Service-of-Process Defense

¶17 Harvey next argues that even if substituted service of process was not proper, Obermeit waived his service-related defense by engaging in discovery unrelated to that issue, not bringing a motion to dismiss as soon as reasonably practicable, and acting inconsistently with this defense.[5] We disagree.

¶18 The doctrine of waiver in this context is "designed to prevent a defendant from ambushing a plaintiff during litigation either through delay in asserting a defense or misdirecting the plaintiff away from a defense for tactical advantage." *King v. Snohomish County*, 146 Wn.2d 420, 424, 47 P.3d 563 (2002). The defense of insufficient service of process is waived if not asserted in a responsive pleading or motion under CR 12(b)(5). *French v. Gabriel*, 116 Wn.2d 584, 588, 806 P.2d 1234 (1991) (citing CR 12(h)(1)(B)). Moreover, a defendant may waive an affirmative defense if "(1) assertion of the defense is inconsistent with defendant's prior behavior or (2) the defendant has been dilatory in asserting the defense." *King*, 146 Wn.2d at 424. Here, Obermeit raised the defense in his answer, so he was not dilatory. *See id.* The issue is whether his assertion of the defense was inconsistent with his prior behavior.

¶19 Several considerations have resulted in courts' finding waiver on this basis: for one, where the party's actions indicate that it has abandoned the defense. In *King*, 146 Wn.2d 420, the defendant raised a claim-filing defense in its answer but did not clarify the defense in response to an interrogatory, and the parties engaged in 45 months of litigation and discovery, during which time the defendant sought four continuances and filed a motion for summary judgment that did not mention the defense. The court found

---

[5] The trial court did not rule on this issue, though it was raised by Harvey in both his motion for partial summary judgment and his motion for reconsideration.

waiver on the basis that the defendant's assertion of the claim-filing defense, in a motion to dismiss after the case was set for trial, was inconsistent with this prior behavior. Courts also find assertion of a service-related defense inconsistent with a defendant's prior behavior where there are indications the defendant actively sought to conceal the defense until after the expiration of the statute of limitations and 90-day period for service.[6] In *Romjue v. Fairchild*, 60 Wn. App. 278, 281, 803 P.2d 57 (1991), a defendant engaged in discovery unrelated to a service-related defense before moving to dismiss and waited until three months after the statute of limitations expired to notify plaintiff's counsel of insufficient service, although plaintiff's counsel wrote to defendant's counsel before the expiration of the statute of limitations that he understood the defendants had been properly served. The court held the defendant waived the defense by conducting himself in a manner inconsistent with the later assertion of the defense. Another circumstance in favor of finding waiver is where a party engages in considerable discovery not related to the defense. However, the mere act of engaging in discovery " 'is not always tantamount to conduct inconsistent with a later assertion of the defense of insufficient service.' " *Lybbert v. Grant County*, 141 Wn.2d 29, 41, 1 P.3d 1124 (2000) (quoting *Romjue*, 60 Wn. App. at 281); *see also Omaits v. Raber*,

---

[6] Courts are unlikely to find waiver of a service-related defense where a defendant raises the defense before the statute of limitations runs and thus the plaintiff has notice and time to cure the problem. *See French*, 116 Wn.2d 584 (no waiver where defense of insufficient service of process was raised in defendant's answer and the plaintiff had over a year to correct insufficient service of process after the defense was raised in the answer, even though case proceeded to trial and defendant did not raise defense in a motion to dismiss until after plaintiff's opening statement); *O'Neill v. Farmers Ins. Co. of Wash.*, 124 Wn. App. 516, 527-29, 125 P.3d 134 (2004) (no waiver even where defendant engaged in discovery about merits of claim, where defendant put plaintiff on notice of service of process defense before expiration of statute of limitations and before conducting discovery, and there was no evidence defendant delayed filing motion to dismiss to ensure statute of limitations precluded refiling); *Davidheiser v. Pierce County*, 92 Wn. App. 146, 155-56, 960 P.2d 998 (1998) (no waiver even where defendant engaged in discovery unrelated to defense before filing motion for summary judgment, where answer raised defense of insufficient service within statute of limitations).

56 Wn. App. 668, 785 P.2d 462 (1990). Instead, the cases indicate that a party must do more than simply conduct discovery. In *Lybbert*, for instance, waiver of a service-related defense was found where the defendant acted as if it were preparing to litigate the merits of the case by engaging in discovery, none of which had to do with sufficiency of service of process; associating with outside counsel; discussing the merits of the case and the possibility of mediation with opposing counsel; and failing to timely respond to the plaintiff's interrogatory asking whether the defendant planned to rely on any affirmative defenses, where a timely response would have allowed the plaintiff several days to cure defective service. 141 Wn.2d at 31-34.

¶20 Here, we hold Obermeit did not waive the defense of ineffective service of process. He first asserted the defense in his timely filed answer on November 2, 2009. Although there was some discovery conducted before Obermeit filed his motion to dismiss on February 10, 2010, this discovery included questions from both parties about the issues of service of process and jurisdiction, and Harvey was aware throughout discovery that Obermeit was contesting service. In Obermeit's November 2, 2009 interrogatories, he asked Harvey, "Do you assert that you have properly served all of the defendants in this matter?" and one of his requests for production stated, "Please produce all documents, declarations, affidavits or other evidence that you have properly located and served defendant(s) in this action." In Harvey's interrogatories to Obermeit of the same date, he asked, "Do you allege insufficiency of process or of service of process? If so, please state the facts upon which you base your allegations." In Obermeit's response dated January 11, 2010, he answered, "Yes. Service by on [sic] the Secretary of State was improper," cited RCW 46.64.040, and stated:

> In this case, the defendant has resided at his current residence for almost ten years. Defendant was living at his residence at the time of the accident and continues to reside there today. Clearly plaintiff did not conduct a due and diligent search for the defendant.

Obermeit also stated, in his January 8, 2010 response to Harvey's requests for admission, "Defendant has never been personally served."[7] Furthermore, some discovery between the parties took place *after* Obermeit filed his motion to dismiss.

¶21 Though Obermeit did not alert Harvey to the issue of ineffective service of process before the 90-day service period or the statute of limitations expired, none of the cited authorities supports the proposition that waiver necessarily follows because a defendant does not do this.[8] Furthermore, there is no indication in the record that Obermeit wrongfully led Harvey to believe that service had been accomplished. He did not avoid and attempt to conceal the issue, as did the defendant in *Romjue*. He did not, as in *King*, raise the defense in his answer but proceed to act inconsistently with the assertion of that defense over a considerable period. Here, Obermeit raised the defense in his timely filed answer, maintained throughout discovery that service had not been proper, and then filed his motion

---

[7] The request for admission itself does not appear in the record.

[8] Moreover, a similar proposition was rejected by the court in *Gerean v. Martin-Joven*, 108 Wn. App. 963, 972, 33 P.3d 427 (2001). There, the defendant's lawyer filed a notice of appearance four days after the purported service, reserving all defenses and requesting from the plaintiff's attorney a copy of the affidavit of service. The plaintiff's attorney did not respond to the letter but filed an affidavit of service, and after the 90-day service period expired (three months after filing the notice of appearance), the defendant sent a single interrogatory and a single request for production of documents relating to service. The defendant filed an answer asserting the affirmative defense of improper service, and the plaintiff responded to the defendant's discovery requests. Then, approximately six months after suit was filed, the defendant filed a motion for summary judgment to dismiss on the basis of insufficient service. The court rejected the plaintiff's argument that the defendant waived the right to assert the defense through tardiness in alerting the plaintiff to any deficiency in service. *Id.* The plaintiff argued that had she been promptly notified, there was time to correct the deficiency. The court pointed out that the defendant's attorney's notice of appearance reserved all defenses, the defense was asserted in the answer and by motion, the defendant's attorney alerted the plaintiff in a letter before the 90-day service period ran out that the matter of service was of interest to the defense (by requesting a copy of the affidavit of service), the defendant's discovery requests were limited to service, the answer raised the affirmative defense of service, and the motion to dismiss was filed promptly. *Id.* at 973.

to dismiss approximately six and a half months after Harvey first filed suit. He did not waive the defense.

*Procedural Issues*

¶22 Finally, Harvey argues that the trial court should be reversed because of various alleged procedural errors. Mainly he contends the court erred by conducting a fact-finding hearing sua sponte and acting as a fact finder, as well as by deciding legal and factual issues not before it, where Obermeit incorrectly quoted and briefed the former version of RCW 46.64.040.

¶23 We disagree and conclude the trial court did not commit procedural errors in considering the parties' motions. Where a defendant challenges jurisdiction on the basis of insufficient service of process, the plaintiff has the burden of proof to establish a prima facie case of proper service. *Gross v. Sunding*, 139 Wn. App. 54, 60, 161 P.3d 380 (2007). "Since proper service of process is required for jurisdiction, sufficiency of service of process is a question of law. As a result, the determination of valid service is reserved to the judge." *Id.* at 67. Moreover, a court may abuse its discretion by failing to hold an evidentiary hearing when affidavits present an issue of fact requiring a determination of witness credibility. *Woodruff*, 76 Wn. App. at 210.

¶24 Here, the trial court was presented with Harvey's and Obermeit's motions, filed within a day of each other, both of which raised the issue of service of process under RCW 46.64.040. Obermeit sought to have the case dismissed in accordance with CR 12(b)(2) and CR 12(b)(5), on the basis of lack of service of process and lack of jurisdiction, while Harvey sought to strike the affirmative defense regarding service of process. These motions raised the issue of whether there was jurisdiction on the basis of substituted service under RCW 46.64.040, and the court found there were factual disputes surrounding service of process, for

which a hearing was appropriate. While Obermeit's motion quoted the former version of the statute, the trial court was not required to ignore the applicable version. Harvey is also incorrect in arguing that the trial court was required to grant his motion simply because Obermeit did not file an opposition. Again, both Harvey's motion for partial summary judgment and Obermeit's motion to dismiss raised and briefed the issue of service of process. The trial court's order denying Harvey's motion for partial summary judgment specifically listed the submissions considered, and among them were Obermeit's motion to dismiss and declarations in support. Moreover, although inartfully stated, Obermeit did raise the issue of whether Harvey's two service attempts were due and diligent.[9]

¶25 In sum, the trial court appropriately held a fact-finding hearing to determine whether substituted service of process under RCW 46.64.040 was valid and whether it had jurisdiction over Obermeit.

¶26 Affirmed.

GROSSE and SCHINDLER, JJ., concur.

---

[9] Obermeit's motion to dismiss included the following:

More surprisingly, [Harvey] asserts that a diligent attempt at service had been made by the process server when he had only been out to the house twice; once on August 9, and once on August 16, 2009. Only two attempts within the same week can hardly count as a diligent attempt, even if this was relevant.

. . . .

He made only two attempts to serve the Obermeits here in Washington. There is no explanation why the process server did not make more attempts between the middle of August and the end of October.