# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| FLOYD and MARGARET SCOTT, husband and wife, | No. 51232-7-II |
| Appellants, | |
| v. | |
| NORTHWEST TRUSTEE SERVICES, INC.; WELLS FARGO BANK, NA; FEDERAL HOME LOAN MORTGAGE CORPORATION; and DOE DEFENDANTS 1-20, | UNPUBLISHED OPINION |
| Respondents. | |

MELNICK, P.J. — Margaret Scott took out a loan from Wells Fargo Bank. Scott and Wells Fargo executed a promissory note secured by a deed of trust on rental property Scott owned. Scott defaulted on the note.

In response to a notice of trustee's sale of her property, Scott, and her husband Floyd Scott, sued Wells Fargo, Federal Home Loan Mortgage Corporation (Freddie Mac), and the trustee (collectively Wells Fargo), alleging violations of the Consumer Protection Act (CPA). The trial court dismissed the Scotts' claims because of improper service of process.[1] We affirm.

---

[1] The court dismissed for a variety of reasons; however, because we affirm the court on the improper service issue, we need not address the other bases.

FACTS

In September 2010, Margaret executed a promissory note under which Wells Fargo loaned her over $151,000 secured by real property in Vancouver. A deed of trust secured the promissory note.

In January 2015, the Scotts stopped making payments on the note. A notice of default issued the following August warned the Scotts that, unless they cured all alleged defaults within 30 days, their property could be sold at public auction. In August 2016, the Scotts received notice of a trustee sale set for September 30 unless they pursued mediation.

The Scotts brought a CPA lawsuit against Northwest Trustee Services, Wells Fargo, and 20 John Doe defendants. The trial court dismissed their complaint without leave to amend and without prejudice in March 2017.

The Scotts filed a revised complaint on June 19, 2017 that added Freddie Mac as an additional defendant. On August 25, the court dismissed the revised complaint without leave to amend and without prejudice. On the same day the court dismissed their revised complaint, the Scotts filed a new complaint under a new case number against the same defendants.

At a hearing on the revised complaint from the first case, the Scotts handed Wells Fargo's attorney a copy of their complaint in the new case. The attorney informed the Scotts that he was not authorized to accept service of process on Wells Fargo's behalf. Several weeks later, the same attorney received a copy of the complaint in the mail at his office. He again advised the Scotts that he was not authorized to accept service of process.

Wells Fargo filed a motion to dismiss the Scotts' new complaint pursuant to CR 12(b)(4), (5), and (6). They argued the Scotts' case was barred by claim and issue preclusion, the Scotts had not properly served the defendants, and that the Scotts had not properly stated a CPA claim.

2

In response to Wells Fargo's improper service of process claim, the Scotts argued that CR 5 and not CR 4 applied because they knew Wells Fargo was represented by counsel and who its counsel was.

The trial court granted Wells Fargo's motion and dismissed the Scotts' complaint with prejudice. The court concluded that the Scotts had not served Wells Fargo because CR 4 and not CR 5 addresses service of a summons and complaint.

The Scotts appeal.

ANALYSIS

The Scotts contend that Wells Fargo waived their improper service of process arguments by "submit[ing] documents outside the pleadings in support" of their motion to dismiss. Br. of Appellant at 2. They claim that, "[b]y not appealing the trial court's summary judgment ruling [in Wells Fargo's favor], Defendants have waived the lack of jurisdiction defense." Br. of Appellant at 2.

Wells Fargo responds that we should disregard the Scotts' argument because they make it for the first time on appeal. They also argue that they never waived the service of process argument because they raised the argument in its CR 12 motion to dismiss and it would not make sense to make them appeal from a decision in their favor. We consider the merits of the Scotts' argument and conclude that Wells Fargo did not waive their service of process argument and that service was improper.

"In general, issues not raised in the trial court may not be raised on appeal." *Roberson v. Perez*, 156 Wn.2d 33, 39, 123 P.3d 844 (2005); *see* RAP 2.5(a). However, "a new issue can be raised on appeal 'when the question raised affects the right to maintain the action.'" *Roberson*, 156 Wn.2d at 40 (internal quotation marks omitted) (quoting *Bennett v. Hardy*, 113 Wn.2d 912,

918, 784 P.2d 1258 (1990)); *see* RAP 2.5(a)(2). We likewise consider the Scotts' argument as to service of process because it affects their right to maintain the action.

CR 12(b) provides that defenses "shall be asserted in the responsive pleading . . . except that the following defenses may at the option of the pleader be made by motion: . . . (4) insufficiency of process; (5) insufficiency of service of process." A party may bring a motion making these defenses before filing a responsive pleading and "[n]o defense or objection is waived by being joined with one or more other defenses or objections" in such a motion. CR 12(b).

"The defense of insufficient service of process is waived if not asserted in a responsive pleading or motion under CR 12(b)(5)." *Harvey v. Obermeit*, 163 Wn. App. 311, 323, 261 P.3d 671 (2011). The doctrine of waiver is "designed to prevent a defendant from ambushing a plaintiff during litigation either through delay in asserting a defense or misdirecting the plaintiff away from a defense for tactical advantage." *King v. Snohomish County*, 146 Wn.2d 420, 424, 47 P.3d 563 (2002). Additionally, service of process upon a defendant's attorney is insufficient unless the attorney is an agent authorized to receive service. *O'Neill v. Farmers Ins. Co. of Wash.*, 124 Wn. App. 516, 526, 125 P.3d 134 (2004).

In *O'Neill*, the defendant engaged in discovery before moving for summary judgment, but raised insufficiency of service of process in its answer to the complaint. The court concluded that the defendant had put the plaintiffs on notice of the defense and did not waive it. *O'Neill*, 124 Wn. App. at 529.

In the present case, Wells Fargo moved to dismiss the Scotts' complaint before filing a responsive pleading. As relevant here, Wells Fargo argued that the Scotts had improperly served them with process. They filed this motion before filing any other motions or pleadings before the trial court.

The Scotts failed to serve Wells Fargo properly, and Wells Fargo did not waive the defense of insufficiency of service of process. The trial court did not err when it dismissed the Scotts' claims. The proper remedy for improper service of process is dismissal without prejudice. *See O'Neill*, 124 Wn. App. at 531. Because this case is dismissed for improper service of process, we need not reach the merits of the other issues.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, P.J.

We concur:

Glasgow, J.

Fearing, J.