# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BERRY & BECKETT, P.L.L.P., | No. 87993-6-I |
| Respondent/Cross-Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| JONATHAN PETER NOBLE, | |
| Appellant/Cross-Respondent. | |

FELDMAN, J. — Jonathan Noble appeals the trial court's denial of his motion to dismiss for insufficient service of process and entry of summary judgment and final judgment against him for unpaid fees for legal services provided by Berry & Beckett, P.L.L.P. Berry & Beckett cross-appeals, claiming the trial court erred by denying its motion for reconsideration and correction of a clerical mistake. Because service of process on Noble was insufficient due to Berry & Beckett's failure to file an affidavit in compliance with RCW 4.28.185(4), as required for proper service of process outside of Washington, the trial court lacked jurisdiction to grant summary judgment and enter final judgment. We therefore reverse the trial court's ruling denying Noble's motion to dismiss, vacate the summary judgment and final judgment, and remand for dismissal without addressing Berry & Becket's cross-appeal.

I

In June 2023, Noble signed a retainer and fee agreement to retain Berry & Beckett for legal representation in domestic violence protection order and dissolution proceedings. After a dispute concerning quality of representation and billing practices, Noble terminated Berry & Beckett's representation in June 2024 and did not pay the outstanding balance for legal services.

Berry & Beckett filed a complaint against Noble but struggled to effectuate service of process on Noble because he lived and worked in Dubai, UAE. Berry & Beckett attempted service in person to Noble's father's residence in Texas, in person and by mail to Noble's mother's residence in Texas, and by asking a friend to send the summons and complaint by registered mail to Noble's residence in Dubai.

Noble filed a motion to dismiss the complaint under CR 12(b)(5) based on insufficient service of process. Berry & Beckett responded that Noble had been personally served by leaving a copy of the summons and complaint with his mother at her address, which it asserted was Noble's usual mailing address for financial documents, and that Noble had in any event waived the defense by engaging in discovery unrelated to the defense. At the same time, Berry & Beckett also filed a motion for summary judgment.

Despite Berry & Beckett's lack of success in effectuating service on Noble in Dubai, the trial court agreed that Berry & Beckett had exercised reasonable diligence to personally serve Noble there. Accordingly, the trial court determined that personal service had been completed on the tenth day after mailing the

summons and complaint to Noble's usual address at his mother's house as permitted by RCW 4.28.080(17) and denied Noble's motion to dismiss. The court then granted Berry & Beckett's motion for summary judgment.

Nobel filed a motion for reconsideration of the trial court's decisions on both the motion to dismiss and summary judgment. After denying the motion, the court entered final judgment against Noble for the unpaid legal fees and attorney fees and costs as permitted by the retainer and fee agreement. Berry & Beckett moved for reconsideration of the judgment after discovering a "clerical mistake" and discrepancy in the attorney fee award. The trial court declined to revisit the fee award or correct the asserted clerical mistake.

Noble appeals the orders denying his motion to dismiss for insufficient service of process and granting summary judgment. Berry & Beckett cross-appeals the trial court's decision on its motion for reconsideration.

II

Addressing the threshold issue of personal jurisdiction, Noble argues the trial court erred in denying his motion to dismiss for insufficient service of process. We agree.

A

"Proper service of the summons and complaint is a prerequisite to a court obtaining jurisdiction over a party." *Harvey v. Obermeit*, 163 Wn. App. 311, 318, 261 P.3d 671 (2011). When a trial court lacks personal jurisdiction over a party, any judgment entered against the party is void. *Scott v. Goldman*, 82 Wn. App. 1, 6, 917 P.2d 131 (1996). The plaintiff must prove a prima facie case of sufficient

service. *Scanlan v. Townsend*, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014). The burden then shifts to the party challenging sufficiency to demonstrate by clear and convincing evidence that service was improper. *Id*. We review de novo whether service of process was sufficient. *Kim v. Lakeside Adult Family Home*, 185 Wn.2d 532, 554, 374 P.3d 121 (2016).

Service of process must comply with statutory requirements. *Morris v. Palouse River and Coulee City R.R., Inc.*, 149 Wn. App. 366, 371, 203 P.3d 1069 (2009). Relevant here, RCW 4.28.185(4) provides: "Personal service outside the state shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state." The affidavit should incorporate the language of the statute and describe the circumstances that prevent service in Washington. *Sharebuilder Securities, Corp. v. Hoang*, 137 Wn. App. 330, 334, 153 P.3d 222 (2007). "Because statutes authorizing service on out-of-state parties are in derogation of common law personal service requirements, they must be strictly construed." *Ralph's Concrete Pumping, Inc. v. Concord Concrete Pumps, Inc.*, 154 Wn. App. 581, 585, 225 P.3d 1035 (2010). Accordingly, if a plaintiff fails to satisfy the affidavit requirements of RCW 4.28.185(4), "there is no personal jurisdiction and the judgment is void." *Sharebuilder*, 137 Wn. App. at 335.

Here, Berry & Beckett attempted to serve Noble in Dubai and at his parents' homes in Texas but did not file an affidavit attesting that service could not be made in Washington and the circumstances that prevented in-state service. Berry & Beckett thus failed to satisfy the affidavit requirements of RCW 4.28.185(4). As a

result, the trial court lacked personal jurisdiction over Noble and the judgment entered against him "is void." *Sharebuilder*, 137 Wn. App. at 335.

B

Berry & Beckett does not dispute that it failed to file an affidavit referencing or incorporating the language of RCW 4.28.185(4). Nor does it argue the statute does not apply. Instead, it contends that Noble waived his defense of insufficient service of process and, alternatively, that it substantially complied with the requirements of RCW 4.28.185(4). We address these arguments in turn.

Starting with Berry & Beckett's waiver arguments, "[t]he defense of insufficient service of process is waived if not asserted in a responsive pleading or motion under CR 12(b)(5)." *Harvey* 163 Wn. App. at 323.[1] Additionally, to prevent "a defendant from ambushing a plaintiff during litigation either through delay in asserting a defense or misdirecting the plaintiff away from a defense for tactical advantage," waiver also applies when "the defendant has been dilatory in asserting the defense" or the defendant's "assertion of the defense is inconsistent with the defendant's previous behavior." *King v. Snohomish County*, 146 Wn.2d 420, 424, 47 P.3d 563 (2002). But "'once [the defendant] properly preserve[s] his defense . . . he is not precluded from asserting it by proceeding with discovery.'" *Davidheiser v. Pierce County*, 92 Wn. App. 146, 156, 960 P.2d 998 (1998) (quoting *French v. Gabriel*, 116 Wn.2d 584, 594, 806 P.2d 1234 (1991)). "This is so even if the discovery is unrelated to the service of process defense." *Id.* Thus, for

---

[1] CR 12(b)(5) likewise states: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, *except that the following defenses may at the option of the pleader be made by motion: . . . (5) insufficiency of service of process . . . .*" (Emphasis added.)

example, we have held a defendant did not waive the defense of insufficient service of process where he "raised the defense in his timely filed answer, maintained throughout discovery that service had not been proper, and then [timely] filed his motion to dismiss." *Harvey*, 163 Wn. App. at 326-27.

Invoking the foregoing legal principles, Berry & Beckett argues Noble waived his defense of insufficient service of process by serving interrogatories and requests for production unrelated to the sufficiency of service of process. The record does not support this argument. On October 30, 2024, Noble noted a hearing for a CR 12(b)(5) motion as his first action in the lawsuit. The notice of hearing provided a clear indication of Noble's intent to assert a defense of insufficient service of process. Noble then filed a motion to dismiss for insufficient service of process instead of a responsive pleading as CR 12(b)(5) permits. *See supra* at footnote 1. He was not delinquent in asserting the defense or moving to dismiss on that basis. A few hours after Noble filed his notice of hearing, Berry & Beckett noted a motion for summary judgment for hearing on the same day as the motion to dismiss. Noble propounded his first set of interrogatories and requests for production on October 31, *after* giving notice of the defense. Given the forthcoming motion to dismiss and the need to defend against summary judgment, engagement in limited discovery was not inconsistent with the defense of insufficient service of process. Similar to the defendant in *Harvey*, Noble did not waive the defense through his actions.

Berry & Beckett also argues that even if Noble did not waive the defense of insufficient service of process through his actions, he waived any argument based

on RCW 4.28.185(4) because he did not assert this precise issue in his motion to dismiss. Under RAP 2.5(a), an "appellate court may refuse to review any claim of error which was not raised in the trial court." "'However, this rule does not apply when the question raised affects the right to maintain the action.'" *Jones v. Stebbins*, 122 Wn.2d 471, 479, 860 P.2d 1009 (1993) (quoting *New Meadows Holding Co. v. Wash. Water Power Co.*, 102 Wn.2d 495, 498, 687 P.2d 212 (1984)). Relevant here, a party may raise the lack of trial court jurisdiction for the first time on appeal. RAP 2.5(a)(1). Because failure to comply with RCW 4.28.185(4) results in a lack of personal jurisdiction, Noble is not precluded from asserting the issue on appeal. *See Sharebuilder*, 137 Wn. App. at 335. Berry & Becket's waiver arguments thus fail.[2]

Turning to Berry & Beckett's alternative argument of substantial compliance, Berry & Beckett claims it substantially complied with the affidavit requirements of RCW 4.28.185(4). In this context, "substantial compliance means that, viewing all affidavits filed prior to judgment, the logical conclusion must be that service could not be had within the state." *Sharebuilder*, 137 Wn. App. at 334-35. To support its substantial compliance argument, Berry & Beckett cites to a declaration in the record but fails to provide any argument as to how the contents of that declaration demonstrate that service could not be had in Washington. The

---

[2] Relatedly, Berry & Beckett also argues Noble's failure to raise RCW 4.28.185(4) in the trial court below constitutes "invited error." The invited error doctrine prohibits a party from setting up an error in the trial court and then complaining on appeal. *Shavlik v. Dawson Place*, 11 Wn. App. 2d 250, 270, 452 P.3d 1241 (2019). For the doctrine to apply, the party must take an affirmative and voluntary action. *Id.* Noble's failure to raise this issue in the trial court is not an affirmative action. Rather, it is, at most, a basis to find waiver. We reject this argument for the reasons set forth in the text above.

argument is therefore waived.  RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Nor does the declaration support Berry & Beckett's argument.  In fact, it establishes the opposite conclusion by stating:

> To exercise his residential time with his children who reside in Seattle with their mother, Mr. Noble would . . . often use his father and stepmother to make the exchange so he could avoid being served in the dissolution proceeding commenced by his wife for which he had retained me.  Nonetheless, shortly before I withdrew, he did come to Seattle for an exchange and his wife did have him served.

Based on Berry & Beckett's own statement, Noble could be, and in fact was, served in Washington.

Moreover, Noble had previously provided Berry & Beckett with a schedule for summer visitation with his children outlining dates and places he would meet for exchanges, including their school in Seattle, the airport near Seattle, and "Met Market," which is a chain of grocery stores located in Washington.  *See* https://www.metropolitan-market.com/locations.  Berry & Beckett had knowledge of dates and locations where Noble would be in Washington and could be personally served with the summons and complaint.  Consequently, Berry & Beckett fails to demonstrate substantial compliance with the affidavit requirements of RCW 4.28.185(4).

In sum, because Berry & Beckett failed to file an affidavit in compliance with RCW 4.28.185(4), as required for proper service of process outside of Washington, the trial court lacked personal jurisdiction over Noble and the judgment entered against him is void.  *See Sharebuilder*, 137 Wn. App. at 335.  Therefore, we reverse the trial court's ruling denying Noble's motion to dismiss for insufficient

service of process, vacate the trial court's summary judgment and final judgment, and remand to the trial court to dismiss Berry & Beckett's claims without prejudice.[3] Given this holding, we need not reach the remaining arguments raised in Noble's appeal or the issues raised in Berry & Beckett's cross-appeal.

III

Noble requests attorney fees and costs on appeal according to the terms of the parties' contract and RCW 4.84.330. The retainer and fee agreement states: "Client shall pay reasonable attorney's fees and all costs of collecting client's unpaid account balance." RCW 4.84.330 requires bilateral application of a unilateral fee-shifting provision in a contract, and the prevailing party, "whether he or she is the party specified in the contract . . . or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements." *See First-Citizens Bank & Trust v. Reikow*, 177 Wn. App. 787, 799, 313 P.3d 1208 (2013). As the prevailing party on appeal, Noble is entitled to reasonable attorney fees and costs subject to compliance with RAP 18.1(d).

Reversed and remanded.

_Feldman, J._

WE CONCUR:

_Bowman, J._      _Díaz, J._

---

[3] Dismissal without prejudice is the proper remedy if the statute of limitations has not expired on the cause of action. *O'Neill v. Farmers Ins. Co. of Wash.*, 124 Wn. App. 516, 529-31, 125 P.3d 134 (2004). The statute of limitation on Berry & Beckett's breach of contract claim is six years and accrues at the time of breach. RCW 4.16.040; *Kinney v. Cook*, 150 Wn. App. 187, 193, 208 P.3d 1 (2009).