[No. 35821.    Department One.    April 20, 1961.]

THE STATE OF WASHINGTON *on the Relation of the Town of
Mercer Island, Appellant,* v. THE CITY OF MERCER
ISLAND *et al., Respondents.*[*]

*Wright, Booth & Beresford* and *Wayne C. Booth,* for
appellant.

*Alec Bayless* and *George N. Prince,* for respondents.

WEAVER, J.—Can an incorporated city or town annex
territory which is part of another contiguous incorporated
city or town when the territory proposed to be annexed

[*]Reported in 361 P. (2d) 369.

does not contain a population exceeding two thousand? In view of the population increase during the past decade and the rapid development of urban communities, especially in western Washington, this question is of present-day importance.

The city of Mercer Island seeks annexation of a part of the town of Mercer Island.

The town of Mercer Island has an area of approximately eighty acres; comprises, generally, the business district of the island; and has one hundred eighty-one electors. It is entirely surrounded by the city of Mercer Island.

The area proposed to be annexed to the city is described in such a manner that it includes business and vacant properties of considerable area in the town, but only thirty-seven of the one hundred eighty-one electors. If the annexation is completed, the town will be comprised of two odd-shaped noncontiguous areas, one of which is cut by a highway. It is admitted that the area the city seeks to annex contains less than two thousand inhabitants.

November 4, 1960, this action was commenced by the town to prohibit the annexation. The trial court entered an alternative writ of prohibition, returnable November 23, 1960. On that date, the city filed its return to the alternative writ in which it pleaded three defenses. At this point, we notice only the first defense: that the application for a writ of prohibition failed to state a claim upon which relief could be granted.

Affidavits and exhibits having been filed, petitioner town moved for judgment on the pleadings.[1] November 25, 1960, the trial court dismissed, with prejudice, the application for a writ of prohibition on the ground that the application failed to state a claim upon which relief could be granted. Notice of appeal was given immediately.

December 6, 1960, this court entered an order permitting the city to proceed with the annexation election set for

---

[1]In view of the record, this motion, although made pursuant to Rule of Pleading, Practice and Procedure 12 (c), was, in accordance with the rule, treated as a motion for summary judgment, pursuant to Rule of Pleading, Practice and Procedure 56; RCW, Vol. 0.

January 31, 1961, but, if the result of the election should be in favor of annexation, enjoining and restraining the *city* and its officers from assuming jurisdiction over the annexed area, pending disposition of this appeal.

February 10, 1961, the superintendent of elections of King county certified to this court that (1) the city had voted 1682 to 186 in favor of annexation, and (2) the electors in that portion of the town proposed to be annexed had voted 14 to 7 in favor of annexation; hence, the case is not moot and we must resolve the problems presented.

The first state legislature passed an act

" . . . providing for the organization, classification, incorporation and government of municipal corporations . . ." Laws of 1889-1890, chapter 7, page 131.[2]

Section 9 of the act (Laws of 1889-1890, p. 136) provides, among other things, that the boundaries of a municipal corporation may be altered and new territory included in the municipal corporation in accordance with the procedures set forth. It limits, however, the right to add new territory to a municipal corporation, as follows:

" . . . If the territory so proposed to be annexed consists in whole or in part of any municipal corporation or part thereof [as in the instant case], *such territory shall not be annexed under the provisions of this section: Provided, That such territory does not contain a population exceeding two thousand."* (Italics ours.) (p. 138)

For the next sixty-one years (1890-1951), the italicized portion of the statute, as quoted, appeared verbatim in the codes of this state.[3] It has never been amended by the legislature.

[2]This section was approved March 27, 1890. Laws of 1889-1890, p. 215. It was in irreconcilable conflict with a previous act, treating with the same subject matter, approved February 26, 1890. Laws of 1889-1890, pp. 227, 232. In *Com'rs of King County v. Davies*, 1 Wash. 290, 24 Pac. 540 (1890), this court held that the act approved February 26, 1890, was repealed by the act approved March 27, 1890.

[3]1 Hill's Code, § 501 (1891); 1 Bal. Code, § 708 (1897); 2 Rem. & Bal. Code, § 7444 (1910); Pierce's Code 77, § 17 (1912); 2 Rem. Code, § 7444 (1915); 3 Rem. Comp. Stat., § 8894 (1922); 10 Rem. Rev. Stat., § 8894 (1933).

The original code committee[4], created by Laws of 1941, chapter 149, p. 418, rewrote Laws of 1889, 1890, chapter 7, § 9, p. 138. In its rewritten form, unauthorized by the legislature, the portion under examination appears as RCW 35.12.010. It reads:

"Upon the filing of a petition to add to a city or town . . . contiguous territory *containing not over two thousand inhabitants* which is the whole of or part of another city or town, . . . . the council thereof shall submit the question of annexation to the voters in the city or town and also to the voters in the territory proposed to be annexed . . . ." (Italics ours.)

Depending, of course, upon the interpretation given to certain words, the statute set forth in the session laws of 1889-1890 appears to be the reverse of the restated code provision.

We have concluded that the statute *prohibits* annexation of any part of an existing city or town if the territory sought to be annexed contains a population of less than two thousand; but, inferentially, *permits* annexation (pursuant to the procedure prescribed) if the territory sought to be annexed contains a population of more than two thousand.

The restated code provision (RCW 35.12.010), on the other hand, permits annexation if the territory sought to be annexed contains a population of less than two thousand. Inferentially, it *prohibits* annexation if the territory contains a population of more than two thousand.

Statute law, as adopted by the legislature, prevails over a restatement thereof in the code. RCW 1.04.020-.021.

---

[4] In *Parosa v. Tacoma,* 57 Wn. (2d) 409, 357. P. (2d) 873 (1961), this court said in a footnote: "The 1941 code committee passed out of existence with the adoption of the revised code of Washington by Laws of 1950, Ex. Ses., chapter 16, p. 33, and is not to be *confused* with the present statute law committee which, on December 1, 1951, employed the code reviser, who has executed with unwavering fidelity the mandate of the statute law committee to conform, with all possible dispatch, the revised code of Washington to the law enacted by the legislature. *Title 35 has not yet been reached in that process.*" (Italics ours.)

The parties agree that the meaning of the statute depends upon the words "Provided, That," which introduce the final clause. In its brief, respondent city states:

"With these words in view, the issue is seen to be whether the words 'Provided, That' mean 'if' or 'unless.' Appellant [town] argues for the 'if' construction."

We agree with appellant.

In the authorities we have consulted[5], the words "provided" and "if" are designated as being synonymous to introduce a conditional clause; neither is synonymous with "unless." In some circumstances, however, they may be interchangeable within limits if the meaning is not changed. In the instant case, substituting "unless" for "Provided, That" changes the meaning of the statute, for it injects an additional negative not found in the legislative enactment; hence, it is not permissible to substitute "unless" for "Provided, That."

In summary, chapter 7, § 9, Laws of 1889-1890, pp. 136-138, provides that (a) the boundaries of a municipal corporation may be altered and new territory annexed; (b) the new territory shall not be annexed if it consists, in whole or in part, of another municipal corporation *and* if it does not contain a population exceeding two thousand. RCW 35.12.010 does not state the law as passed by the legislature.

(This interpretation in nowise prevents a consolidation of contiguous municipalities, as permitted by statute. RCW 35.10.)

The application for the writ of prohibition alleges that the territory sought to be annexed does not contain a population exceeding two thousand; hence, the application states a claim upon which relief could be granted, and it was error to hold otherwise.

Although the trial court did not rule upon respondent city's second and third defenses, the question of their sufficiency is before us, for appellant town assigns error to the trial court's denial of its motion for judgment on

---

[5]Webster's Dictionary of Synonyms (1st ed.) (1942); Webster's New International Dictionary (2d ed.) 1953.

the pleadings—actually a motion for summary judgment. Rules of Pleading, Practice and Procedure 12(c), and 56; RCW, Vol. 0.

█ The city's second defense denies the existence of the town of Mercer Island. This put in issue the *fact* of the town's incorporation. In support of its motion for summary judgment, the town introduced, without objection, certified copies of all instruments on file in the office of the Secretary of State and the offices of the King County auditor and commissioners establishing and "declaring the Town of Mercer Island to be a city of the fourth class."

The certified instruments, presented for the court's consideration, are sufficient to dissipate the issue raised by the city's second defense and to leave it without a "genuine issue as to any material fact." Rule of Pleading, Practice and Procedure 56(c).

The city's third defense presents the issue of the *legality* of the incorporation proceedings of the town. The crux of the defense is this: The area incorporated as the town of Mercer Island did not contain three hundred inhabitants, the number required by statute (RCW 35.02.010), at the time the petition for incorporation was presented to the board of county commissioners.

The record discloses the following:

(a) May 2, 1960, the board of county commissioners adopted resolution No. 21124, which states:

"Now, THEREFORE, BE IT RESOLVED by the Board of County Commissioners of King County, Washington as follows:

"1. That the name of said proposed corporation shall be the 'Town of Mercer Island.'

"2. *That the number of inhabitants of the area hereinafter described, as nearly as can be stated is 308.*" (Italics ours.)

(b) August 29, 1960, the board of county commissioners adopted resolution No. 21654, which states:

"Now, THEREFORE,

"BE IT RESOLVED by the Board of County Commissioners of King County, Washington, as follows:

"1. That the proposition for the incorporation of the Town of Mercer Island as a city of the fourth class . . . and *having an estimated population of 308 inhabitants* is hereby declared to have carried in said special election, that . . . said Town of Mercer Island is hereby declared to be a city of the fourth class, . . ." (Italics ours.)

█ We agree with appellant: Respondent city's third defense is a collateral attack upon the legality of the town's incorporation and cannot be a defense in this action.

In *State ex rel. Cummings v. Johnson,* 105 Wash. 93, 177 Pac. 699 (1919), the relator sought a writ of mandamus to require the prosecuting attorney to commence an action in the nature of *quo warranto* to test the validity of the incorporation of the town of Riverside, on the grounds that the town did not have sufficient population to entitle it to incorporate.

The trial court having denied the writ, this court affirmed, saying:

"Rem. Code, § 7435 [RCW 35.02.070], gives the county commissioners power to ascertain and determine how many inhabitants reside within the boundaries of the town. The commissioners found that the population within the boundaries of the town was more than 300. This is the requisite number prescribed by statute, and is conclusive unless the statute makes such finding reviewable by the courts. We find no such statute, except the appeal statute, Rem. Code, § 3909 [RCW 36.32.330], which was not resorted to by the petitioner. [p. 95]

"      . . .

"The board of county commissioners had jurisdiction of the subject-matter of incorporating the town, and it does not appear that they acted in excess of their jurisdiction, and unless it plainly so appears, the questions decided by them are not made reviewable by the courts except by appeal, but must be considered as legislative or political questions." (p. 97)

The rule is succinctly stated (and supported by authorities) in Rhyne, Municipal Law §§ 2-25 (1957).

"It is the generally held view that none but the state can call a *de facto* municipal corporation's existence into

question, and then only in a direct proceeding for that purpose such as *quo warranto* proceeding by the state attorney general or other officer or person authorized by law to invoke the remedy. . . . However, the validity of the incorporation and *de facto* existence, cannot be challenged by either the state or a private person in a collateral proceeding, *where the main purpose of the action is not to determine corporate existence* . . . Likewise, a *de facto* municipal corporation may not attack the validity of its own incorporation and corporate existence as a defense to an action upon its contracts, bonds, or other obligations." (p. 25) (Italics ours.)

In *Dixon v. Bremerton,* 25 Wn. (2d) 508, 171 P. (2d) 243 (1946), this court held that an individual cannot attack the corporate existence of a municipal corporation in a collateral proceeding. We know of no reason why the same rule should not apply to another municipal corporation.

*Town of Denver v. Spokane Falls,* 7 Wash. 226, 34 Pac. 926 (1893), is not apposite. The statute under which the town had purported to incorporate was unconstitutional; hence, the town never had a legal corporate existence.

In the instant case, the town's application for a writ of prohibition states a claim upon which relief can be granted. It is admitted that the territory proposed to be annexed contains less than two thousand inhabitants. The city's second defense is without a genuine issue of a material fact, and, as a matter of law, the city's third defense is not one that is available in this action.

The judgment of dismissal from which this appeal is prosecuted is reversed, and the case is remanded, with instructions to grant appellant town's motion for summary judgment.

It is so ordered.

FINLEY, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.