[No. 67064-6-I.   Division One.   September 17, 2012.]

TODD KEITHLY, *Appellant*, v. BENJAMIN SANDERS ET AL.,
*Respondents*.

684

*Dax Jones* (of *The Jones Firm*), for appellant.

*Gary A. Western* and *Alfred E. Donohue* (of *Wilson, Smith, Cochran & Dickerson*) and *Peter M. Fabish* (of *Law Office of Peter Fabish*), for respondent.

¶1 Cox, J. — Todd Keithly appeals the trial court's summary dismissal with prejudice of this action. He argues that he complied with the requirements of RCW 46.64.040, the nonresident motorist act, before expiration of the statute of limitations. We hold that he did not. Keithly failed to send "forthwith" notice of the service of the secretary of state by registered mail to Benjamin Sanders at his last known address before the expiration of the statute of limitations. Thus, service under RCW 46.64.040 was ineffective. Accordingly, we affirm the dismissal.

¶2 Sanders and Keithly were in a car accident in December 2007. At the time of the accident, Sanders lived in Washington, but he moved to China in 2008. Around the time of his move, Sanders also changed the address on his automobile registration to his father's Federal Way address.

¶3 On October 5, 2010, Keithly filed the summons and complaint in this action. Keithly attempted to serve Sanders at the Federal Way address listed on his automobile registration, but Sanders's father told the process server that Sanders did not live there.

¶4 In November, Sanders's insurance company wrote to Keithly's attorney, informing him that Sanders had relocated to China and that, consequently, personal service had not been effected. Thereafter, on December 30, Keithly served two copies of a summons and complaint together with the required fee and other documents on the secretary of state.

¶5 On January 27, 2011, Keithly sent notice of service of the secretary of state, a copy of the summons, an affidavit of compliance, and an affidavit of due diligence by certified mail to the Federal Way address listed on Sanders's automobile registration. This envelope was returned to Keithly with the notations "Not Here" and "Address Unknown."

¶6 Sanders moved for summary judgment, arguing that service was improper and the statute of limitations had expired. Specifically, he claimed that Keithly failed to mail timely notice of service of the secretary of state before the statute of limitations had run. The trial court granted this motion and dismissed the case with prejudice.

¶7 Keithly appeals.

## PROPER SERVICE OF PROCESS UNDER RCW 46.64.040

¶8 Keithly argues that he properly served Sanders under RCW 46.64.040. We disagree.

¶9 When reviewing an order of summary judgment, this court considers the facts in the light most favorable to the nonmoving party.[1] Summary judgment is appropriate if the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.[2]

---

[1] *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 226, 770 P.2d 182 (1989) (citing *Del Guzzi Constr. Co. v. Global Nw., Ltd.*, 105 Wn.2d 878, 882, 719 P.2d 120 (1986)).

[2] CR 56(c).

¶10 The court's "primary duty in interpreting any statute is to discern and implement the intent of the legislature."[3] When statutory language is unambiguous, the court gives effect to the plain meaning of the statute.[4] Where a statute is clear on its face, it is not subject to judicial interpretation.[5]

¶11 Statutes such as RCW 46.64.040, which provide for constructive or substitute service, must be strictly construed.[6] Issues of statutory interpretation are reviewed de novo.[7]

¶12 Here, the parties do not dispute the underlying facts—the sole issue is the proper interpretation of RCW 46.64.040. Keithly contends that the plain language of the nonresident motorist vehicle act makes service of two copies of the summons on the secretary of state sufficient to obtain personal jurisdiction of the defendant. We disagree.

¶13 RCW 46.64.040 provides, in part:

> Likewise each resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision, or liability and thereafter at any time within the following three years cannot, after a due and diligent search, be found in this state appoints the secretary of state of the state of Washington as his or her lawful attorney for service of summons as provided in this section for nonresidents. *Service of such summons or process shall be made by leaving two copies thereof with a fee established by the secretary of state by rule with the secretary of state of the state of Washington, or at the secretary of state's office, and such service shall be sufficient and valid personal*

---

[3] *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003) (citing *Nat'l Elec. Contractors Ass'n v. Riveland*, 138 Wn.2d 9, 19, 978 P.2d 481 (1999)).

[4] *J.P.*, 149 Wn.2d at 450 (quoting *Riveland*, 138 Wn.2d at 19).

[5] *In re Marriage of Kovacs*, 121 Wn.2d 795, 804, 854 P.2d 629 (1993).

[6] *Omaits v. Raber*, 56 Wn. App. 668, 670, 785 P.2d 462 (1990) (citing *Martin v. Meier*, 111 Wn.2d 471, 479, 760 P.2d 925 (1988)).

[7] *Locke v. City of Seattle*, 133 Wn. App. 696, 704, 137 P.3d 52 (2006) (citing *State v. Manro*, 125 Wn. App. 165, 170, 104 P.3d 708 (2005)).

*service upon said resident or nonresident: PROVIDED,*
*That notice of such service and a copy of the summons or*
*process is forthwith sent by registered mail with return*
*receipt requested, by plaintiff to the defendant at the last*
*known address of the said defendant*, and the plaintiff's
affidavit of compliance herewith are appended to the process,
together with the affidavit of the plaintiff's attorney that the
attorney has with due diligence attempted to serve personal
process upon the defendant at all addresses known to him or
her of defendant and further listing in his or her affidavit the
addresses at which he or she attempted to have process
served.[8]

¶14 The plain words of RCW 46.64.040 are dispositive. Under this statute, proper service of a summons is made by first "leaving two copies of [the summons]," together with the required fee, with the secretary of state.[9] But a proviso follows this sentence, making the foregoing service conditional on complying with the terms of the proviso.[10] Specifically, a defendant must follow service on the secretary of state by sending "forthwith," by registered mail, notice of service of the summons on the secretary of state to the defendant's last known address.[11] In short, both service of two copies of the summons on the secretary of state *and* mailing of notice of such service, together with the other statutorily required documents, must be accomplished to effect proper service. Only then does one strictly comply with the terms of RCW 46.64.040 for service of process.

¶15 The next question is when notice of service of the secretary must be mailed to the defendant's last known address. Keithly argues that his mailing of such notice

---

[8] (Emphasis added.)

[9] RCW 46.64.040.

[10] *State ex rel. Town of Mercer Island v. City of Mercer Island*, 58 Wn.2d 141, 143-44, 361 P.2d 369 (1961); BLACK'S LAW DICTIONARY 1345 (9th ed. 2009) ("Provided" means "[o]n the condition or understanding (that).").

[11] RCW 46.64.040.

weeks after serving the secretary of state is sufficient. We disagree.

¶16 Service of two copies of the summons on the secretary of state must be followed by mailing notice of such service "forthwith" to the defendant at his last known address.[12] "Forthwith" is undefined in the statute. We may then look to its ordinary meaning.[13] *Black's Law Dictionary* defines "forthwith" as "[i]mmediately; without delay."[14]

¶17 Accordingly, the plain words of the statute evidence the legislature's intent that notice to the defendant must be mailed immediately after service of two copies of the summons on the secretary of state. Without such timely mailing of notice, service is insufficient.

¶18 Keithly argues that the legislature cannot have meant what the plain words of the statute require. We disagree.

¶19 First, he contends that the legislature's use of the term "forthwith" in RCW 46.64.040, rather than requiring immediate notice to the defendant after service on the secretary of state, indicates that mailing notice is not part of service.[15] He relies on *Williams v. Continental Securities Corp.*,[16] but this case does not support his argument.

¶20 There, the court did note that the context surrounding the act to be done "forthwith" mattered. In *Williams*, the context was a sheriff's sale of a foreclosed property.[17] The court held that "it could not have been expected that the parties interested in purchasing the property would have

---

[12] *Id.*

[13] *In re Estate of Blessing*, 174 Wn.2d 228, 231, 273 P.3d 975 (2012) (citing *State v. Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131 (2010)).

[14] BLACK'S LAW DICTIONARY 725 (9th ed. 2009).

[15] Brief of Appellant at 8.

[16] 22 Wn.2d 1, 153 P.2d 847 (1944).

[17] *Id.* at 2-3.

[$33,000] or more in their pockets at the place of sale . . . ."[18] The *Williams* court also noted that forthwith "has a variety of connotations and that in determining its meaning in a particular instance regard must be had to the nature of the act or thing to be done."[19] But, as the *Williams* court did, we rely on the plain definition as provided in *Black's Law Dictionary*.[20] The primary definition of "forthwith" is immediate, and, unlike in *Williams*, nothing in either the plain words of RCW 46.64.040 or in the context of this case would demand a different result.

¶21 Second, Keithly argues that RCW 46.64.040 "clearly states" that before a plaintiff can comply with the plain language of the statute, "he must wait to see whether or not the defendant was served by registered mail, as that determines the contents of the attorney's affidavit."[21] The statute states no such thing.

¶22 The statute plainly states that notice of service on the secretary of state mailed to the defendant must include the plaintiff attorney's affidavit of due diligence.[22] This affidavit must state that he or she attempted to personally serve the defendant at all known addresses.[23] But if an endorsed receipt of the notice provided, signed by the defendant, is sent to the secretary of state, an affidavit of due diligence is not required.[24] Thus, despite Keithly's argument, the statute does not require that the attorney wait to see if the defendant will respond to the registered

---

[18] *Id.* at 13.

[19] *Id.*

[20] *Id.*

[21] Brief of Appellant at 14.

[22] RCW 46.64.040.

[23] *Id.*

[24] *Id.*

mail.[25] Rather, it provides an alternative to the affidavit if the attorney does receive such a receipt.

¶23 In sum, there is no basis to conclude that Keithly had to await anything before mailing notice of service of the secretary of state to Sanders's last known address in Federal Way.

¶24 Keithly also relies on case authority to refute the plain words of the statute. None of the cases to which he cites require the conclusion that service was sufficient in this case.

¶25 Keithly argues that service on the secretary of state is distinct from notice provided to the defendant. Notice to the defendant, he argues, is a separate "due process consideration," not part of the jurisdictional analysis. Thus, he claims he completed service under RCW 46.64.040 when he personally served the secretary of state. Keithly relies chiefly on *Smith v. Forty Million, Inc.*[26] to support this argument.

¶26 First, as we explained, the plain words of the statute link service of the secretary of state with mailing notice of such service by a proviso. Both must be accomplished, and the mailing must be done forthwith after service of the secretary of state.

¶27 Second, there is nothing in *Smith* that supports a contrary conclusion. In *Smith*, the plaintiff argued that the defendant's nonresidence in the state tolled the statute of limitations.[27] The court disagreed.[28] It stated that

> the plaintiff confuses service, which is upon the plaintiff's agent—the Secretary of State—with the necessity of notice of that service, actual or constructive, to the defendant.

---

[25] *Id.*

[26] 64 Wn.2d 912, 395 P.2d 201 (1964).

[27] *Id.* at 916-17.

[28] *Id.* at 917.

> Some provision for notice to the defendant, in addition to the service on the Secretary of State or other state official, in statutes such as RCW 46.64.040 is essential to due process.[29]

Keithly argues that this statement by the court indicates that service, for purposes of tolling, is satisfied by service on the secretary of state. That is incorrect. Providing immediate notice to the defendant is what the legislature has chosen as the appropriate method for satisfying due process. As the United States Supreme Court noted in *Mullane v. Central Hanover Bank & Trust Co.*, the " 'fundamental requisite of due process of law is the opportunity to be heard.' This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest."[30] Because there is no indication that *Smith* meant to contravene the plain words of the statute, this case is not persuasive.

¶28 Keithly also argues that RCW 46.64.040 defines "personal service" as service on the secretary of state. He cites the supreme court's decision in *Martin v. Triol*, where the court noted that the legislature has chosen to identify service of process on the secretary of state as a form of personal service.[31] The court went on to say that "[t]his identification operates in favor of plaintiffs . . . who rely on the wording of the statute to determine and satisfy the detailed requirements of service of process."[32] But, the *Triol* court was addressing whether tolling of the statute of limitations applied *at all* to service undertaken under the provisions of RCW 46.64.040.[33] Nowhere did the *Triol* court either explicitly state or imply that service of process on the

---

[29] *Id.* at 915-16.

[30] 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950) (citation omitted) (quoting *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S. Ct. 779, 58 L. Ed. 1363 (1914)).

[31] 121 Wn.2d 135, 149, 847 P.2d 471 (1993).

[32] *Id.*

[33] *Id.*

secretary of state alone was sufficient to satisfy service on the defendant under RCW 46.64.040.

¶29 Keithly also relies on *Carras v. Johnson*[34] to support his argument. But this case, too, is distinguishable. In *Carras*, Division Three considered whether the plaintiff's efforts to personally serve the defendant satisfied the due diligence requirements of RCW 46.64.040.[35] There, the plaintiff was well within the statute of limitations when he served the secretary of state.[36] The court does not state whether Carras mailed a copy of the notice of service to the defendant's last known address. In any event, his compliance with this portion of the statute was not at issue.[37] Thus, *Carras* is not helpful here.

¶30 In sum, both service of the secretary of state and mailing of notice of such service forthwith to the defendant must be accomplished, in addition to the other statutory requirements, to effect proper service of process. A failure in either respect makes service ineffective under RCW 46.64.040.

## STATUTE OF LIMITATIONS

¶31 The final question is whether Keithly properly served Sanders before the expiration of the statute of limitations. We hold that he did not.

¶32 Generally, a plaintiff has three years to bring a personal injury action before the statute of limitations runs.[38] But, under RCW 4.16.170, a plaintiff may toll the statute for 90 days by filing a complaint and then serving a defendant within this time period. Failing to serve a defendant within this time period means that "the action shall be

---

[34] 77 Wn. App. 588, 892 P.2d 780 (1995).

[35] *Id.* at 589.

[36] *Id.* at 589-90.

[37] *Id.* at 590-91.

[38] RCW 4.16.080(2).

deemed to not have been commenced for purposes of tolling the statute of limitations."[39]

¶33 Here, the car accident occurred on December 13, 2007. Thus, the statute of limitations would ordinarily have expired on December 13, 2010.[40]

¶34 On October 5, 2010, Keithly filed the complaint in this action. This filing tolled the 3-year statute of limitations for a 90-day period, ending on January 3, 2011.[41] Accordingly, proper service of the summons should have been accomplished by this date.

¶35 Keithly served the secretary of state with two copies of the summons on December 29, 2010. But he failed to mail notice of such service to Sanders at his last known address until January 27, 2011. This date was weeks after the January 3, 2011 tolling period ended for the applicable statute of limitations. Accordingly, Keithly failed to timely serve Sanders. The trial court did not have personal jurisdiction to proceed.

## CONTINUANCE

¶36 Keithly argues that the trial court should have allowed him a continuance under RCW 46.64.040 or, alternatively, an opportunity to amend service as provided under CR 4(h). Because Keithly did not raise either argument below, we do not reach these contentions.

¶37 "The general rule is that appellate courts will not consider issues raised for the first time on appeal."[42] To overcome this general rule, an appellant must demon-

---

[39] RCW 4.16.170.

[40] RCW 4.16.080(2).

[41] *Id.*; RCW 4.16.170.

[42] *State v. Kirkman*, 159 Wn.2d 918, 926, 155 P.3d 125 (2007) (citing RAP 2.5(a); *State v. Tolias*, 135 Wn.2d 133, 140, 954 P.2d 907 (1998); *State v. McFarland*, 127 Wn.2d 322, 332-33, 899 P.2d 1251 (1995)).

strate the error is "manifest" and truly of constitutional dimension.[43]

¶38 Here, Keithly does not argue why he should be allowed to raise these issues for the first time on appeal. Accordingly, we do not address them.

¶39 We affirm the summary judgment dismissal with prejudice.

BECKER and SCHINDLER, JJ., concur.

---

[43] *Id.*