# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2015 MAY -4 AM 8:45

| | | |
|---|---|---|
| CYNTHIA LARSON, and her husband, KEITH LARSON, and the marital community composed thereof, | ) ) ) ) | DIVISION ONE |
| | ) | No. 71561-5-I |
| Respondents, | ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| KYUNGSIK YOON, and his wife, JANE DOE YOON, and the marital community composed thereof, | ) ) ) ) | |
| Petitioners. | ) ) | FILED: May 4, 2015 |
| | ) | |

DWYER, J. — We granted discretionary review to decide the question of whether jurisdiction over a Korean resident could be obtained through use of the methods of service of process allowed for in Washington's nonresident motorist act, RCW 46.64.040. We answer in the negative.

I

On June 22, 2010, Keith and Cynthia Larson were involved in a motor vehicle collision with Kyungsik Yoon. The collision occurred in King County, Washington, which was where the Larsons resided. Yoon, on the other hand, was a resident of the Republic of Korea.

On June 10, 2013, the Larsons filed a complaint against Yoon in King County Superior Court. Therein, they alleged claims of negligence and loss of consortium. The complaint was filed less than two weeks before the statutory limitation period was set to expire. Upon filing of the complaint, however, the limitation period was tolled for 90 days, so long as valid service of process was effected on Yoon within the 90-day period. RCW 4.16.170.[1]

On June 14, the Larsons served copies of the summons, complaint, and other documents on the Washington secretary of state. The secretary of state then mailed copies of these documents to Yoon at an address in Korea. All of this was done in an attempt to effect service of process on Yoon pursuant to RCW 46.64.040.

Attorneys hired by Yoon's insurer appeared on his behalf. On November 20, Yoon moved for summary judgment. He asserted that he had not been validly served prior to the expiration of the applicable statutory limitation period. This was so, he argued, because the methods of service allowed for in RCW 46.64.040 were inconsistent with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, T.I.A.S. No. 6638, 20 U.S.T. 361 (hereinafter Hague Convention) and, consequently, that RCW 46.64.040 was preempted by virtue of the supremacy

---

[1] This provision provides, in part, for the following:
For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served . . . within ninety days from the date of filing the complaint. . . . If following . . . filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

clause of the United States Constitution, U.S. CONST. art. VI.[2]

On December 27, Yoon's summary judgment motion was denied. His subsequent motion for reconsideration was also denied.

Yoon sought discretionary review in this court. On May 19, 2014, an order granting discretionary review pursuant to RAP 2.3(b)(1)[3] was entered by a commissioner of this court.

II

The methods of service allowed for in RCW 46.64.040 are, as Yoon asserts, inconsistent with the Hague Convention, as adopted by the Republic of Korea. Consequently, RCW 46.64.040 is preempted by virtue of the supremacy clause, and substituted service pursuant to the statute is ineffective as matter of law. Because of this, and because the applicable statutory limitation period had expired at the time that Yoon moved for summary judgment, we hold that the trial court erred in ruling on Yoon's motion.[4]

---

[2] The supremacy clause provides for the following:

> This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the Constitution or laws of any state to the contrary notwithstanding.

[3] **(b) Considerations Governing Acceptance of Review.** Except as provided in section (d), discretionary review may be accepted only in the following circumstances:

(1) The superior court has committed an obvious error which would render further proceedings useless.

RAP 2.3(b)(1).

[4] The Larsons contend that Yoon waived the defense of insufficient service of process. This is so, they assert, because he did not raise the defense in good faith. However, because this is not the issue that motivated our grant of discretionary review, we choose not to reach it. Johnson v. Recreational Equip., Inc., 159 Wn. App. 939, 959 n.7, 247 P.3d 18 (2011); City of Bothell v. Barnhart, 156 Wn. App. 531, 538 n.2, 234 P.3d 264 (2010) (the appellate court determines the scope of discretionary review), aff'd, 172 Wn.2d 223, 257 P.3d 648 (2011). Given that it is not clear that the superior court ever ruled on this issue, it may be raised on remand.

"A trial court's denial of summary judgment is reviewed de novo, with the appellate court engaging in the same inquiry as the trial court." Macias v. Saberhagen Holdings, Inc., 175 Wn.2d 402, 407, 282 P.3d 1069 (2012). "Summary judgment is appropriate if the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Keithly v. Sanders, 170 Wn. App. 683, 686, 285 P.3d 225 (2012) (citing CR 56(c)).

RCW 46.64.040 is Washington's nonresident motorist act. Generally speaking, it allows for substituted service on the Washington secretary of state when the person intended to be served is not an inhabitant of or cannot be found within Washington. It provides:

> The acceptance by a nonresident of the rights and privileges conferred by law in the use of the public highways of this state, as evidenced by his or her operation of a vehicle thereon, or the operation thereon of his or her vehicle with his or her consent, express or implied, shall be deemed equivalent to and construed to be an appointment by such nonresident of the secretary of state of the state of Washington to be his or her true and lawful attorney upon whom may be served all lawful summons and processes against him or her growing out of any accident, collision, or liability in which such nonresident may be involved while operating a vehicle upon the public highways, or while his or her vehicle is being operated thereon with his or her consent, express or implied, and such operation and acceptance shall be a signification of the nonresident's agreement that any summons or process against him or her which is so served shall be of the same legal force and validity as if served on the nonresident personally within the state of Washington. Likewise each resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision, or liability and thereafter at any time within the following three years cannot, after a due and diligent search, be found in this state appoints the secretary of state of the

state of Washington as his or her lawful attorney for service of summons as provided in this section for nonresidents. Service of such summons or process shall be made by leaving two copies thereof with a fee established by the secretary of state by rule with the secretary of state of the state of Washington, or at the secretary of state's office, and such service shall be sufficient and valid personal service upon said resident or nonresident: PROVIDED, That notice of such service and a copy of the summons or process is forthwith sent by registered mail with return receipt requested, by plaintiff to the defendant at the last known address of the said defendant, and the plaintiff's affidavit of compliance herewith are appended to the process, together with the affidavit of the plaintiff's attorney that the attorney has with due diligence attempted to serve personal process upon the defendant at all addresses known to him or her of defendant and further listing in his or her affidavit the addresses at which he or she attempted to have process served. However, if process is forwarded by registered mail and defendant's endorsed receipt is received and entered as a part of the return of process then the foregoing affidavit of plaintiff's attorney need only show that the defendant received personal delivery by mail: PROVIDED FURTHER, That personal service outside of this state in accordance with the provisions of law relating to personal service of summons outside of this state shall relieve the plaintiff from mailing a copy of the summons or process by registered mail as hereinbefore provided. The secretary of state shall forthwith send one of such copies by mail, postage prepaid, addressed to the defendant at the defendant's address, if known to the secretary of state. The court in which the action is brought may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action. The fee paid by the plaintiff to the secretary of state shall be taxed as part of his or her costs if he or she prevails in the action. The secretary of state shall keep a record of all such summons and processes, which shall show the day of service.

RCW 46.64.040.

Our Supreme Court has made known that only strict compliance with the requirements of RCW 46.64.040 will permit personal jurisdiction to be obtained over a nonresident. Martin v. Meier, 111 Wn.2d 471, 479, 760 P.2d 925 (1988); see also Omaits v. Raber, 56 Wn. App. 668, 670, 785 P.2d 462 (1990)

("Substantial compliance, however, is not enough. . . . RCW 46.64.040 must be strictly adhered to or no jurisdiction is obtained under the statute.") Strict compliance with the statute means that "*both* service of the secretary of state *and* mailing of notice of such service forthwith to the defendant must be accomplished, in addition to the other statutory requirements." Keithly, 170 Wn. App. at 693 (emphasis added). In other words, service of the summons on the secretary of state is not itself sufficient to constitute strict compliance with the statute and does not, by itself, obtain jurisdiction over the person of the nonresident motorist. Keithly, 170 Wn. App. at 692-93; Omaits, 56 Wn. App. at 669-70.

Nevertheless, we need not, and therefore do not, consider whether the Larsons did, in fact, strictly comply with RCW 46.64.040. Instead, assuming, without deciding, that strict compliance was achieved, we consider whether the methods of service allowed for in RCW 46.64.040 are inconsistent with the Hague Convention, as adopted by the Republic of Korea. This inquiry is of consequence because state law methods of service that are inconsistent with the Hague Convention are preempted by virtue of the supremacy clause. Broad v. Mannesmann Anlagenbau, A.G., 141 Wn.2d 670, 674-75, 10 P.3d 371 (2000) (citing Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699, 108 S. Ct. 2104, 100 L. Ed. 2d 722 (1988)).

Article 1 of the Hague Convention provides that it applies in all cases "'where there is occasion to transmit a judicial or extrajudicial document for service abroad.'" Broad, 141 Wn.2d at 675 (quoting Hague Convention, art. 1).

No. 71561-5-I/7

"Service of process refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." Volkswagenwerk, 486 U.S. at 700. Article 2 directs each nation-state to designate a "central authority" to receive requests for service of process. Broad, 141 Wn.2d at 674. Article 4 "specifies that 'the Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency . . . by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory.'" Kim v. Lakeside Adult Family Home, __ Wn. App. __, 345 P.3d 850, 854 (2015) (alteration in original) (quoting Hague Convention, art. 5(a)). However, "the Hague Convention 'allows service to be effected without utilizing the Central Authority as long as the nation receiving service has not objected to the method used.'" Kim, 345 P.3d at 854 (quoting DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 288 (3d Cir. 1981)).

The Republic of Korea is a signatory to the Hague Convention and has objected to certain methods of service otherwise authorized by the treaty. Of significance to the question before us is the Republic of Korea's objection to the methods of service set forth in Article 10 of the Hague Convention.

> 2. Pursuant to Article 10, the Republic of Korea objects to the following:
> a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
> b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officials or other competent persons of the State of destination.
> c) the freedom of any person interested in a judicial

- 7 -

proceeding to effect service of judicial documents directly through the judicial officials or other competent persons of the State of destination.

Reservations of Republic of Korea to Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 2121 U.N.T.S. 294, 296-97.[5]

As a consequence of the Republic of Korea's objection to Article 10, both the Larsons and the secretary of state were prohibited from serving Yoon directly in Korea using postal channels. Yet, in order to strictly comply with RCW 46.64.040, notice of the summons served on the secretary of state would have to be mailed directly to Yoon, either by the Larsons or the secretary of state.[6] These methods of service are inconsistent with the Hague Convention, as adopted by the Republic of Korea, and are, by virtue of the supremacy clause, prohibited.

Our conclusion is consistent with the applicable civil rule governing "Alternative Provisions for Service in a Foreign Country."

> *Manner.* When a statute or rule authorizes service upon a party not an inhabitant of or found within the state, and service is to be effected upon the party in a foreign country, it is also sufficient if service of the summons and complaint is made: (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or (B) as directed by the foreign authority in response to a letter rogatory or a letter of request; or (C) upon an individual, by delivery to him personally, and upon a corporation or partnership or association, by delivery to an officer, a managing or general agent; or (D) by any form of mail, requiring a signed receipt, to be addressed and mailed

---

[5] *Available at* https://treaties.un.org/doc/Publication/UNTS/Volume%202121/v2121.pdf
[6] Sending such direct notice would be necessary, but not sufficient, to achieve strict compliance with the statute. All other statutory requirements would still have to be met.

to the party to be served; or (E) pursuant to the means and terms of any applicable treaty or convention; or (F) by diplomatic or consular officers when authorized by the United States Department of State; or (G) as directed by order of the court. . . . *The method for service of process in a foreign country must comply with applicable treaties, if any, and must be reasonably calculated, under all the circumstances, to give actual notice.*

CR 4(i)(1) (emphasis added).

As explained herein, the methods for service allowed for in RCW 46.64.040 do not comply with an applicable treaty—the Hague Convention, as adopted by the Republic of Korea. Moreover, to the extent that the Larsons maintain that service was complete upon the secretary of state receiving the summons—an argument rejected in both Keithly and Omaits—the Larsons overlook the requirement imposed by rule that service be reasonably calculated to give actual notice to the defendant. Merely serving the secretary of state, without further complying with the statute's requirements of forwarding notice to Yoon of the secretary of state's receipt of the summons, is not behavior "reasonably calculated, under all the circumstances, to give actual notice." CR 4(i)(1). It is, of course, for this very reason that RCW 46.64.040 requires more than mere service on the secretary of state for service to be complete. Martin, 111 Wn.2d at 479; Keithly, 170 Wn. App. at 692-93; Omaits, 56 Wn. App. at 669-70.

In view of the foregoing, we hold, as a matter of law, that service of process could not have been lawfully effected on Yoon in Korea pursuant to RCW 46.64.040. To the extent that the trial court's order denying Yoon's motion for summary judgment was based on its conclusion that proper service was had,

- 9 -

the order is reversed. The cause is remanded for further proceedings.[7]

      Reversed.

We concur:

---

[7] Yoon's request for an award of costs on appeal is denied. <u>Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.</u>, 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998).