# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

SYMON B. MANDAWALA,

                  Appellant,

          v.

ERA LIVING AT ATP and DENNIS
NEWMAN JR.,

                 Respondents.

DIVISION ONE

No. 80543-6-I

UNPUBLISHED OPINION

DWYER, J. — Symon Mandawala appeals the trial court's order granting Era Living, LLC's motion to dismiss for insufficient service of process. Mandawala asserts that the trial court erred in concluding that Mandawala did not properly serve Era Living. Mandawala also contends that the trial court erred by (1) failing to exercise its jurisdiction over the proceedings; (2) refusing to allow him to amend his pleading and service of process; (3) denying his motion for reconsideration after the judge overseeing the matter retired; and (4) not allowing him to file a surreply in response to Era Living's motion to dismiss. Additionally, Mandawala asserts that Era Living waived its defense of insufficient service of process and engaged in improper ex parte communication with the trial court. Mandawala does not establish an entitlement to appellate relief. Accordingly, we affirm.

I

On February 4, 2019, Mandawala, acting pro se, filed a complaint against Era Living in the King County Superior Court. This complaint incorrectly named

"Era Living, LLC" as "Era Living at ATP." On February 21, 2019, Mandawala mailed a copy of the complaint and an order setting civil case schedule to Era Living's Seattle office. On February 26, 2019, Mandawala mailed an amended order setting civil case schedule to Era Living. On March 25, 2019, Mandawala sent Era Living, via certified mail, a purported certificate of service,[1] another copy of the amended order setting civil case schedule, and another copy of the complaint.

Notably, all three of Mandawala's mailings to Era Living were addressed generally to "Era Living" and not to any particular individual. Moreover, none of the mailings included a summons.

On April 22, 2019, counsel for Era Living mailed a letter to Mandawala stating that he had not properly served Era Living and that Era Living intended to move to dismiss the case for insufficient service of process. The letter included an Internet link to the Washington State Superior Court Civil Rules and explained that those rules contained the requirements for service of process.

The following day, Mandawala sent an e-mail to Era Living's counsel expressing his belief that he had properly served Era Living on March 25, 2019. Era Living's counsel responded to Mandawala, reiterating that the March 25 mailing did not constitute sufficient service of process under the Superior Court Civil Rules.

---

[1] This document, which is signed by Mandawala and entitled "CERTIFICATE OF SERVICE," states that Era Living "has been served in accordance to the king county Rules and procedures."

On July 26, 2019, Era Living filed a motion to dismiss based on insufficient service of process. In support, Era Living submitted the declaration of Skylar A. Sherwood, who was the counsel for Era Living. Sherwood attached as exhibits to her declaration copies of the mailings sent by Mandawala to Era Living, a copy of the letter mailed to Mandawala by Era Living, and a copy of the e-mail response sent to Mandawala regarding service of process. In his response to the motion to dismiss, Mandawala asserted that a process server had hand delivered "court paper work" to the "person on the desk" at Era Living's Seattle office. However, Mandawala did not produce a declaration from the process server detailing the manner in which Era Living was served. On August 23, 2019, the trial court heard the motion to dismiss. The trial court granted the motion. Mandawala then filed a motion for reconsideration, which the trial court denied. Mandawala appeals.

II

Mandawala first asserts that a process server personally served Era Living and, consequently, the trial court erred by concluding that service of process was insufficient. Additionally, Mandawala contends that the trial court erred in concluding that RCW 23.95.450—a statute permitting service of process by certified mail on a corporation under certain circumstances—did not apply to Mandawala's situation. Because Mandawala failed to properly serve Era Living in either of these respects, we disagree.

Where, as here, the trial court considers matters outside the pleadings, the motion is treated as one for summary judgment. Hartley v. Am. Contract

3

Bridge League, 61 Wn. App. 600, 603, 812 P.2d 109 (1991). On review of a summary judgment order, we engage in the same inquiry as the trial court. Wash. State Major League Baseball Stadium Pub. Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Constr. Co., 165 Wn.2d 679, 685, 202 P.3d 924 (2009). All facts and reasonable inferences are considered in a light most favorable to the nonmoving party, and all questions of law are reviewed de novo. Berger v. Sonneland, 144 Wn.2d 91, 102-03, 26 P.3d 257 (2001). Summary judgment is appropriate when "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." CR 56(c).

Whether service of process was proper is a question of law that we review de novo. Goettemoeller v. Twist, 161 Wn. App. 103, 107, 253 P.3d 405 (2011). "Proper service of the summons and complaint is a prerequisite to a court's obtaining jurisdiction over a party." Harvey v. Obermeit, 163 Wn. App. 311, 318, 261 P.3d 671 (2011). "When a defendant challenges service of process, the plaintiff has the initial burden of proof to establish a prima facie case of proper service." Northwick v. Long, 192 Wn. App. 256, 261, 364 P.3d 1067 (2015). The plaintiff may do this with the declaration of a process server that is "regular in form and substance." Northwick, 192 Wn. App. at 261. The defendant must then show by clear and convincing evidence that service was improper. Northwick, 192 Wn. App. at 261.

The pertinent statute provides that personal service on a corporation must be made as follows:

4

> Service made in the modes provided in this section is personal service. The summons shall be served by delivering a copy thereof . . . to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent.

RCW 4.28.080(9).

"[P]ersonal service statutes require . . . substantial compliance." Martin v. Triol, 121 Wn.2d 135, 144, 847 P.2d 471 (1993). "'Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of [a] statute.'" City of Seattle v. Pub. Emp't Relations Comm'n, 116 Wn.2d 923, 928, 809 P.2d 1377 (1991) (alteration in original) (quoting In re Santore, 28 Wn. App. 319, 327, 623 P.2d 702 (1981)). "In the cases where substantial compliance has been found, there has been actual compliance with the statute, albeit procedurally faulty." Pub. Emp't Relations Comm'n, 116 Wn.2d at 928.

Mandawala contends that a process server personally served Era Living. However, Mandawala did not introduce any evidence, such as a declaration of the process server, to establish a prima facie case of proper service. See Northwick, 192 Wn. App. at 261. Rather, Mandawala merely asserted in his response to Era Living's motion to dismiss that a process server delivered "court paper work" to the "person on the desk" at Era Living's Seattle office. To prove that a process server personally served Era Living, Mandawala was required to produce "the person's affidavit of service endorsed upon or attached to the summons." CR 4(g)(2). Mandawala's assertion, without more,

was merely hearsay without an exception, and was thus inadmissible evidence of personal service. See ER 802.

Nonetheless, even if true, Mandawala did not prove that his claim constituted proper personal service because it does not identify the "person on the desk" or establish that this person was one of the individual's listed in RCW 4.28.080(9). Therefore, Mandawala's purported personal service of process on Era Living did not substantially comply with the requirements of the personal service statute. See Pub. Emp't Relations Comm'n, 116 Wn.2d at 928 ("In the cases where substantial compliance has been found, there has been actual compliance with the statute, albeit procedurally faulty."). Therefore, Mandawala did not establish that a process server personally served Era Living.

Next, Mandawala contends that he properly served Era Living via certified mail. The uniform business organizations code provides a means by which a corporation may be served process via certified mail:

> (1) A represented entity[2] may be served with any process, notice, or demand required or permitted by law by serving its registered agent.
>      (2) If a represented entity ceases to have a registered agent, or if its registered agent cannot with reasonable diligence be served, the entity may be served by registered or certified mail, return receipt requested, or by similar commercial delivery service, addressed to the entity at the entity's principal office. The address of the principal office must be as shown in the entity's most recent annual report filed by the secretary of state. Service is effected under this subsection on the earliest of:
>      (a) The date the entity receives the mail or delivery by the commercial delivery service;
>      (b) The date shown on the return receipt, if executed by the

---

[2] "Represented entity" means "[a] domestic entity" or "[a] registered foreign entity." RCW 23.95.400(3)(a)-(b). "'Domestic,' with respect to an entity, means governed as to its internal affairs by the law of this state." RCW 23.95.105(4). Further, "[e]ntity" includes "[a] limited liability company." RCW 23.95.105(6)(e).

entity; or
  (c) Five days after its deposit with the United States postal service or commercial delivery service, if correctly addressed and with sufficient postage or payment.

RCW 23.95.450.

Mandawala bore the burden to prove that he was authorized under this statute to serve Era Living via certified mail. See Northwick, 192 Wn. App. at 261 ("When a defendant challenges service of process, the plaintiff has the initial burden of proof to establish a prima facie case of proper service."). For a party to be authorized to serve process via certified mail pursuant to RCW 23.95.450, the party must present facts establishing that the represented entity either "ceases to have a registered agent, or [that] its registered agent cannot with reasonable diligence be served." RCW 23.95.450(2). Mandawala did not establish either of these things. In particular, Mandawala did not present any evidence demonstrating that Era Living did not have a registered agent. Further, Mandawala did not show that Era Living's registered agent could not be served with reasonable diligence. "Reasonable diligence requires the plaintiff to make honest and reasonable efforts to locate [another]." Wright v. B&L Props., Inc., 113 Wn. App. 450, 458, 53 P.3d 1041 (2002). Because Mandawala presented no evidence that he met either of the conditions under RCW 23.95.450, this statute did not authorize Mandawala to serve Era Living via certified mail.

In any event, Mandawala's mailings did not constitute sufficient service of process because they did not contain a summons, which is required by the Superior Court Civil Rules. See CR 4(d)(1) ("The summons and complaint shall

7

be served together."). Accordingly, the trial court did not err by concluding that Mandawala's mailings to Era Living did not constitute proper service of process.

Finally, Era Living's act of filing a notice of appearance does not excuse Mandawala's failure to provide sufficient service of process. Indeed, "the mere appearance by a defendant does not preclude the defendant from challenging the sufficiency of service of process." Lybbert v. Grant County, 141 Wn.2d 29, 43, 1 P.3d 1124 (2000).

For these reasons, the trial court did not err in concluding that Mandawala did not properly serve Era Living.

III

Mandawala next contends that the trial court erred by not exercising jurisdiction over Era Living pursuant to RCW 4.28.020. However, Mandawala's interpretation of RCW 4.28.020 is incorrect.

RCW 4.28.020 states:

From the time of the commencement of the action by service of summons, or by the filing of a complaint, or as otherwise provided, the court is deemed to have acquired jurisdiction and to have control of all subsequent proceedings.

This statute does not grant a trial court personal jurisdiction over a party. Rather, it provides that a trial court has jurisdiction over all proceedings subsequent to the commencement of an action. The trial court properly exercised its jurisdiction over the proceedings when it held a hearing on—and subsequently granted—Era Living's motion to dismiss for insufficient service of

process. The trial court properly concluded that it had not acquired personal jurisdiction over Era Living and accordingly dismissed the action.[3]

IV

Mandawala also asserts that the trial court erred by not allowing him to amend his pleading and service of process under CR 15 and CR 4(h).

Mandawala's pleading incorrectly named "Era Living, LLC" as "Era Living at ATP." Although CR 15 allows a party to amend its pleading under certain circumstances,[4] the trial court's order granting Era Living's motion to dismiss was based on insufficient service of process, not a defective pleading.

To the extent that Mandawala contends that the trial court erred by not allowing him to amend his summons under CR 15, his argument is flawed. CR 15 applies to the amendment of a pleading, not a summons.[5] It is CR 4(h) that

---

[3] A trial court always has jurisdiction to determine its jurisdiction. Mead Sch. Dist. No. 354 v. Mead Ed. Ass'n, 85 Wn.2d 278, 280, 534 P.2d 561 (1975) (citing United States v. United Mine Workers of Am., 330 U.S. 258, 292 n.57, 67 S. Ct. 677, 91 L. Ed. 884 (1947); United States v. Shipp, 203 U.S. 563, 573, 27 S. Ct. 165, 51 L. Ed. 319 (1906)).

[4] CR 15 provides:

**Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. If a party moves to amend a pleading, a copy of the proposed amended pleading, denominated "proposed" and unsigned, shall be attached to the motion. If a motion to amend is granted, the moving party shall thereafter file the amended pleading and, pursuant to rule 5, serve a copy thereof on all other parties. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

CR 15(a).

[5] "Pleading" is defined in CR 7:

**Pleadings.** There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross claim, if the answer contains a cross claim; a third party complaint, if a person who was not an original party is summoned under the provisions of rule 14; and a third party answer, if a third

9

applies to the amendment of a summons.[6]  Regardless, Mandawala would have had to serve a summons in order to be entitled to amend any defect in it.  See Sammamish Pointe Homeowners Ass'n v. Sammamish Pointe LLC, 116 Wn. App. 117, 64 P.3d 656 (2003) (holding that a party may amend a defective summons that was properly served).

Nor does CR 4(h) permit a party to amend insufficient service of process.  Instead, CR 4(h) applies to the amendment of "process or proof of service."  "Process" is defined as a "summons or writ, esp[ecially] to appear or respond in court."  BLACK'S LAW DICTIONARY 1399 (10th ed. 2014).  However, "'[s]ervice of process refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action.'"  Larson v. Kyungsik Yoon, 187 Wn. App. 508, 515, 351 P.3d 167 (2015) (quoting Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 700, 108 S. Ct. 2104, 100 L. Ed. 2d 722 (1988)).  Accordingly, CR 4(h) does not permit a party to amend defective service of process.  Indeed, "[a] failure to accomplish personal service of process is not a defect that can be cured by amendment of paperwork."  Sammamish Pointe LLC, 116 Wn. App. at 124.  Therefore, Mandawala's assignment of error fails.

---

party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third party answer.
CR 7(a).  Thus, a summons is not a pleading.

[6] CR 4(h) states: "At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

V

Mandawala also contends that the trial court erred by denying his motion for reconsideration after the trial judge overseeing the matter had retired. However, the retired judge was appointed as a judge pro tempore by the presiding judge prior to ruling on the motion for reconsideration. This complied with the requirements of the Washington State Constitution, which provides that "if a previously elected judge of the superior court retires leaving a pending case in which the judge has made discretionary rulings, the judge is entitled to hear the pending case as a judge pro tempore without any written agreement." WASH. CONST. art. IV, § 7. Accordingly, the trial judge was fully authorized to rule on the motion for reconsideration.

VI

Mandawala next asserts that the trial court erred by not allowing him to respond to Era Living's reply in support of its motion to dismiss. However, the Kind County Superior Court Civil Rules do not authorize a party to file a surreply. See LCR 7(b)(4). Rather, these local rules merely provide for the filing of a motion, a response, and a reply. See LCR 7(b)(4)(A)-(E). Because Mandawala was not entitled to file a surreply in opposition of Era Living's motion to dismiss, the trial court did not err by not allowing him to do so.

VII

Mandawala additionally contends that Era Living engaged in dilatory conduct, thereby waiving its right to seek dismissal pursuant to CR 12(b)(5). Mandawala is wrong.

11

"A defendant may waive the defense of insufficient service of process if . . . 'the defendant has been dilatory in asserting the defense.'" Davis v. Blumenstein, 7 Wn. App. 2d 103, 117, 432 P.3d 1251 (2019) (internal quotation marks omitted) (quoting Harvey, 163 Wn. App. at 323).

According to Mandawala, Era Living engaged in dilatory conduct by making deceptive statements in its correspondence with him. Yet Mandawala does not demonstrate how, exactly, Era Living's correspondence could have caused any delay. Regardless, Era Living's correspondence was not deceitful. Era Living's letter to Mandawala dated April 22, 2019, correctly stated that "to date, Era Living has not been properly served with the Summons and Complaint and you have not taken any further action in this matter." The letter then provided an Internet link to the Washington State Superior Court Civil Rules by which Mandawala could find the rules governing service of process. Further, the e-mail sent by Era Living on April 24, 2019, reiterated the same information. Therefore, Era Living's correspondence with Mandawala was neither deceitful nor dilatory.

Mandawala additionally asserts that Era Living acted deceptively by (1) not including an "attached receipt" in the exhibits affixed to the declaration in support of its motion to dismiss and (2) indicating in its motion to dismiss that Mandawala had not produced an affidavit of service. Again, these acts did not cause any delay.

Because Era Living did not engage in dilatory conduct, it did not waive its right to seek dismissal for insufficient service of process.

VIII

Mandawala finally asserts that Era Living engaged in improper ex parte communication with trial court staff. Mandawala apparently refers to e-mail communications between Era Living and trial court staff seeking to schedule a date and time for a hearing on Era Living's motion to dismiss. Mandawala attached copies of these e-mail communications to his opening brief, but they are not contained in the record. As "a reviewing court, [we] only consider[] on appeal evidence which was admitted in the trial court." Dioxin/Organochlorine Ctr. v. Dep't of Ecology, 119 Wn.2d 761, 771, 837 P.2d 1007 (1992); see also Casco Co. v. Pub. Util. Dist. No. 1 of Thurston County, 37 Wn.2d 777, 784-85, 226 P.2d 235 (1951) (refusing to consider a purported copy of a contract that was attached as an appendix to a brief and not admitted in the trial court). Thus, we do not consider these e-mail communications.[7]

Affirmed.

_____

---

[7] In any event, any communication between Era Living and trial court staff that was designed to facilitate the scheduling of a hearing on a motion to dismiss would not be improper under the King County Superior Court Local Civil Rules. See LCR 7(b)(4)(B) ("The time and date for hearing shall be scheduled in advance by contacting the staff of the hearing judge.").

WE CONCUR: